1840.

Parker
v.
Browning.

## PARKER *vs.* BROWNING.

If a receiver takes possession of goods, under the express directions of the court, or where the master has decided that the goods are in the possession and under the control of the defendant, and has directed the defendant to deliver the possession to the receiver, the court will assume the exclusive jurisdiction of the subject, and will not suffer the receiver to be sued at law for taking such goods.

Where a complaint is made against an officer of the court of chancery for misconduct, while acting under color of authority merely, the court may either itself take cognizance of the complaint, and administer justice between the parties, or may allow the party aggrieved to bring his suit at law for the alleged injury.

A receiver is under no obligation to attempt to take property from the possession of a third person, or even from the defendant himself, by force, without an express order of the court directing him to do so.

The receiver or party who wishes an actual delivery of the property, should call upon the master to decide what property, legally or equitably belonging to the defendant, and to which the receiver is entitled under the order of the court, is in the possession of the defendant or under his power or control. And it is the duty of the master to direct the defendant, to deliver to the receiver the actual possession of all such property, or to allow him

to take possession thereof. If the defendant is dissatisfied with such decision of the master, he must apply to the court to review the decision, or he will be compelled by process of contempt to comply with the master's directions.

Where the property is in the possession of a third person, who claims the right to retain it, the receiver must either proceed by suit against him, or the complainant must make him a party to his suit, and apply to have the receivership extended to the property in his hands; so that an order may be made for its delivery, and may be enforced by process of contempt.

Where the property is legally and properly in the possession of the receiver, it is the duty of the court to protect such possession, not only against violence, but also against suits at law. But if the property is in the possession of a third person, under a claim of title, the court will not protect the officer, who attempts by violence to obtain possession, any further than the law will protect him; his general authority being unquestioned.

THIS was an appeal by W. H. Willard, the receiver appointed in this cause, from an order the of vice chancellor of the first circuit, upon the petition of Lester, Holmes & Co. authorizing them to bring an action against the receiver, and other persons acting under him, for an alleged trespass, in forcibly entering a store which the petitioners claimed to belong to them, and to be in their possession, and taking the goods therein, and retaining the same until they paid into court in this cause the sum of $1000, to abide the further order of this court.

*R. J. Dillon*, for the appellant.

*N. Dane Ellingwood*, for the respondents.

THE CHANCELLOR. There is certainly room for doubt in this case, whether the defendant Browning had not some interest in the store of goods. And if the receiver had taken possession thereof under the express directions of the court, or if the master had decided that the goods were in the possession and under the power and control of the defendant, and had directed him to deliver the possession thereof to the receiver, this court ought to have assumed the exclusive jurisdiction over the subject of complainant, instead of suffering its officer to be harrassed in a suit at law for obeying its order. (2 *Story's Eq.* 176, § 891.)

But as I understand the case, the validity of the order appointing the receiver is not in controversy here, nor is his right to take the property of the defendant Browning, as such receiver, intended to be questioned. The petitioners, on the contrary, claim that the receiver, without any direction to that effect from the court, has forcibly taken goods which belonged to them exclusively, out of their possession, under the pretence that such goods were the property of the defendant Browning. Where the authority of the court or the construction of its order is not in question, but the complaint is made against the misconduct of its officer, acting under color of authority merely, this court may, in its discretion, either take to itself the cognizance of the complaint and do justice between its officers and the parties aggrieved, or it may permit the latter to bring a suit at law for the alleged injury. (*Aston* v. *Heron*, 2 *Myl. & Kean*, 390.) And in cases of this description it is more in accordance with the spirit of our institutions to permit the parties complaining to proceed at law, where they may have the benefit of a jury trial, than to attempt to settle their rights by a reference to a master.

It is not necessary in any case for the receiver to put himself in a situation where he is not entitled to the full protection of this court ; as he is under no obligation to attempt to take property out of the possession of a third person, or even out of the possession of the defendant himself, by force, and without an express order of the court directing him to do so. The proper course, as this court has repeatedly decided, where the defendant is directed to deliver over his property to the receiver under the direction of a master, is for the receiver, or the party, who wishes for an actual delivery of the property in addition to the legal assignment thereof, to call upon the master to decide, upon the examination of the defendant, and on the evidence before him, what property legally or equitably belonging to the defendant, and to which the receiver is entitled under the order of the court, is in the possession of the defendant or under his power and control. And it is

the duty of the master to direct the defendant to deliver over to the receiver the actual possession of all such property, in such manner and within such time as the master may think reasonable. Where such a direction is given, the defendant, if he is dissatisfied with the decision of the master, must apply to the court to review the same, or he will be compelled by process of contempt to comply with that decision. And if the property is in the possession of a third person who claims the right to retain it, the receiver must either proceed by suit, in the ordinary way, to try his right to it, or the complainant should make such third person a party to the suit, and apply to have the receivership extended to the property in his hands; so that an order for the delivery of the property may be made which will be binding upon him, and which may be enforced by process of contempt, if it is not obeyed. Where the property is legally and properly in the possession of the receiver, it is the duty of the court to protect that possession, not only against acts of violence, but also against suits at law; so that a third person, claiming the same, may be compelled to come in and ask to be examined *pro interesse suo*, if he wishes to test the justice of such claim. But where the property is in the possession of a third person, under a claim of title, the court will not protect the officer who attempts by violence to obtain possession, any farther than the law will protect him; his right to take possession of property of which he has been appointed receiver, being unquestioned.

The only difficulty in the order of the vice chancellor, in the present case, therefore, arises from the fact that the $1000 had been paid into this court to abide its decision; and that the order permits the suit at law to be brought generally, for the whole alleged injury, without making any provision for the disposition of that money, in the event of a decision one way or the other. The order should have directed that, in the event of a recovery against the receiver, the money paid into court, under the agreement, should be applied in part payment of the damages

recovered for the alleged injury in taking forcible posses-
sion of the property of the petitioners and retaining it un-
til that sum was paid into court. The petitioners should
also have been required to stipulate to abide the result of
their suit at law against the receiver ; and that if they fail-
ed to recover, on the ground that the transfer of the prop-
erty to them was fraudulent as against the creditors of
Browning, the fund in court should be delivered over to
the receiver, as the property of the defendant Browning,
for the purposes of the suit in this court.

With this modification the order must be affirmed, with-
out costs to either party on the appeal ; and the proceed-
ings are to be remitted to the vice chancellor.