JOHN A. FOSTER, Receiver, etc., Appellant, *v.* JOHN TOWN-
SHEND, Impleaded, etc., Respondent.

Where an attorney in an action is in contempt for the violation of an
injunction therein, or for any act inconsistent with his relation to the
court, and suitors have sustained damage, the remedy is by summary
proceedings, not by action.

Where a receiver is appointed in an action by a married woman for
divorce, in pursuance of the provision of the Revised Statutes (1 R. S.,
148, § 60), authorizing the sequestration of the personal property and
of the rents and profits of the real estate of the husband, and the
appointment of a receiver thereof, when an order for alimony has been
granted and defendant has neglected or refused to pay the same, or to
give security therefor, such receiver acquires no title to the real estate,
but simply is entitled to possession as against defendant and all claim-
ing under him ; and so long as his rights are unquestioned, and there is
no interference therewith, either actual or threatened, he has no con-
cern with the title, and cannot maintain an action to determine the
validity of transfers thereof by the defendant.

Accordingly *held*, that a receiver so appointed could not maintain an
action to set aside a conveyance of the real estate, alleged to have been
fraudulently made by the husband after the appointment of the receiver,
or to set aside an alleged fraudulent assignment by the husband, of a
mortgage received by him upon such conveyance, in the absence of any
allegation that defendants had made a claim or asserted a title adverse
to the rights of plaintiff.

Also, *held*, that an action could not be maintained by the receiver to
restrain an assignment by the assignee of such a mortgage, or to restrain
the foreclosure thereof.

It *seems* that any proceedings to compel an application of the rents and
profits of the husband's real estate, or in any way to compel the pay-
ment of the alimony from the property, should be brought by the
wife.

It *seems*, also, that had the assignee of such a mortgage asserted an adverse
claim to the rents and profits of the real estate, the wife would have
had a remedy by an order for the examination of the claimant *pro
interesse suo*, and such proceedings thereon as would lead to a determi-
nation of the rights of the parties.

(Argued December 22, 1876 ; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
modifying and affirming as modified a judgment in favor of

plaintiff, entered upon a decision of the court upon trial at Special Term.

The complaint in this action alleged, in substance, and the court found, that, on November 25, 1867, in an action for a limited divorce then pending, brought by Mary Carey against her husband, an order was granted requiring defendant therein to pay alimony; that upon proof that he was secretly disposing of his property, an order was granted enjoining Carey and his attorney from making any sale or transfer of his estate; and, on December 13, 1867, he having neglected to pay the alimony as ordered, an order was granted authorizing an attachment to issue against him and appointing plaintiff receiver of his real and personal estate; that defendant Townshend was the attorney for Carey in said action; that said Carey thereafter conveyed certain real estate owned by him, when said orders were granted, to one Whyte, who gave back a mortgage thereon for $1,000, which mortgage was assigned by Carey to Townshend; that said transfers were made fraudulently, without consideration, and for the purpose of concealing and secreting the property and to prevent the collection of alimony, and that said Whyte and Townshend were cognizant of all the facts; that said Whyte has since died, and defendants, McMullen and Osterholt, are his executors, with power to sell and convey his real estate; that the alimony remains unpaid.

The court found as conclusion of law that plaintiff was entitled to judgment, adjudging void the conveyance from Carey to Whyte, and directing a conveyance or release by the executors to plaintiff, and adjudging the mortgage from Whyte to Carey, and the assignment thereof to Townshend, void; and for an injunction against the latter restraining him from foreclosing or assigning said mortgage, and restraining the executors from conveying the land. Judgment was entered accordingly.

The General Term, upon appeal, modified the judgment so far as it directed a conveyance by the executors of Carey, and affirmed it as modified.

*John Townshend* for the appellant. It was immaterial with what intent the deed and mortgage in this case were made. (*Stevenson* v. *Newnhan*, 13 C. B., 285, 297 ; *Clinton* v. *Myers*, 46 N. Y., 250 ; *Covenhoven* v. *Hart*, 21 Penn. St., 501 ; *Cramer* v. *Benton*, 4 Lans., 290 ; 14 Alb. L. J., 61 ; *Seymour* v. *Wilson*, 14 N. Y., 567 ; *Griffin* v. *Marquardt*, 21 id., 112.) Plaintiff had no title to the real estate by convey-ance from Carey, and the order appointing him gave him no title. (2 R. S., 148, § 60 ; *Chaut. Co. Bk.* v. *Risley*, 19 N. Y., 370 ; Kerr on Receivers, 242 ; 2 Dan. Ch. Pr., 1765 [4th Am. ed.].)

*Chas. E. Whitehead* for the respondent. Defendant should be required to convey back the property and pay costs. (2 Paige, 329 ; *Russell* v. *E. An. R. Co.*, 3 M. & G., 104 ; *Farnsworth* v. *Fowler*, 1 Swan., 1 ; Laws 1858, chap. 314.) The rule *pari delictu* does not prevent a recovery from an attorney who takes conveyances from his client in order to conceal property from creditors. (*Ford* v. *Harrington*, 16 N. Y., 285 ; *Goodenough* v. *Spencer*, 15 Abb. [N. S.], 248.) When a necessary defendant recovers costs against the plain-tiff, the decree may provide for the payment by the plaintiff and the recovery over against the wrong-doer. (*Jones* v. *Lewis*, 1 Cox., 199 ; 2 Dan. Ch. Pr., 1406 ; *In re Martin*, 6 Beav., 337 ; *Goodwill* v. *Gosnell*, 2 Colb. [v.-ch.] ; *In re Balke*, 30 L. J. [N. S.], Q. B., 32.)

ALLEN, J. If the appellant is in contempt for a violation of the injunction granted in the original action of Mary Carey against Thomas W. Carey, or for any act inconsistent with his relation to the court as one of its attorneys and counselors, and suitors have sustained damage, the remedy, as well as the punishment, must be by summary proceedings, and not by formal action ; and the plaintiff can take nothing in the pres-ent action, by reason of the alleged contempt of the court and its orders by the parties. The plaintiff's title is in virtue of the order of the 13th of December, 1867, which was

affirmed upon appeal to the General Term of the court, the validity and regularity of which cannot be questioned in this action. The order was intended, and, in substance, was a sequestration of the personal estate, and of the rents and profits of the real estate of the defendant, Thomas W. Carey, at the instance of and for the benefit of his wife, suing for a limited divorce, and to compel the payment on security for the payment of the alimony ordered by the court, as authorized by 2 Revised Statutes (page 148, section 160). The title to the realty did not vest in the plaintiff as receiver of the rents and profits. He was entitled to the possession as against the defendant in the action, and all claiming under him, but his possession was the possession of the court, and his power was limited to such acts as should be specially authorized by the court. He could neither bring nor defend actions, lease the property or make any contract concerning it, or dispose of any funds or moneys that might come to his hands, except by permission and the direct authority of the court by which he was appointed. (2 Story Eq. Jur., §§ 833, 169; *Parker* v. *Browning*, 8 Paige, 388.) He might, by leave of the court, take proceedings to compel the surrender of the possession to him, either against the original defendant or against a stranger claiming the possession adversely to him; but his right under the statute and the order constituting the receivership being confined to the possession of the property, and the rents and profits, so long as his rights, thus limited, were unquestioned, and there was no interference with him in the exercise of his powers, either actual or threatened, he had no concern with the title to the realty, or interest in the determination of adverse claims, if any such there were. There is no claim or pretence that the appellant has made any claim, or asserted any title adverse to the rights of the plaintiff, as receiver; or that his mortgage is an obstruction to the performance of his duties or the exercise of his powers as receiver of the rents and profits of the mortgaged premises.

It would seem that any proceedings to compel the application of the rents and profits, or in any way to compel the

payment of the alimony from the property, must be had by the party in whose interest the sequestration was ordered and the receiver appointed. This action appears to have been without object, and certainly has been without fruit to the plaintiff. He had no title in respect to which the appellant's mortgage was adverse, or upon which it was a claim affecting its value. When it shall be sought to enforce any judgment or claim against the *corpus* of the property, and to compel the payment of such judgment or claim thereout, the validity of this mortgage held by the appellant may be questioned ; or if the appellant shall seek, by virtue of his mortgage, to oust the plaintiff of his possession, or obstruct him in the collection of the rents and profits, he will have his proper remedy, either by action or by summary proceedings in the original action. The sequestration was not, and could not be, affected, nor the title of the plaintiff as receiver impaired, by any act or deed of the owner of the property, after the sequestration and the appointment of the receiver.

The mortgage to Carey, the owner, given for a part of the purchase-money, upon the conveyance to Whyte, was in the hands of the mortgagee, necessarily subject to all the equities of the plaintiff in the original action, and the rights of the receiver therein, and he could make no better title to a purchaser or assignee than he had.

The appellant took, and now holds, the mortgage, subject to all such equities, and any purchaser from him will have no better title than he has.

This is the rule affecting all non-negotiable instruments and choses in action. If the plaintiff had an interest, which could be prejudiced by the existence of the mortgage, it would be unnecessary to restrain or forbid an assignment, for his rights would be the same against any assignee as against the appellant.

So, too, there was no occasion for an injunction against a foreclosure of the mortgage. A foreclosure, without making the plaintiff a party, will not affect him or his title, or possession, or right of possession ; and if he is made a party, as can

only be done by the leave of the court, he will be permitted to make any defence that is open to him; and the same objection now taken to the mortgage can then be made. A mere conveyance of the legal title, either by sale or under a mortgage, and a foreclosure and sale, is not inconsistent with or necessarily adverse to the possession of the plaintiff or his rights as receiver. The plaintiff did not make a case entitling him to the relief granted against the appellant, and upon the trial he asked no other or different relief, and has not appealed from the judgment given. Had the appellant asserted an adverse claim to the rents and profits of the real estate, which were the subjects of the sequestration, the complainant in the action would have had a remedy by an order for an examination of the claimant *pro interesse suo*, and such proceedings would be had therein as would lead to an adjudication of the rights of the parties. (1 Barb. Ch. Pr., 73, citing *Bird* v. *Littlehales*, 3 Swanst., 299, 300 n [a]; Seaton on Decrees, 413; *Johns* v. *Claughton*, Zac., 573; *Hunt* v. *Priest*, 2 Dick., 540.)

A formal action would not have been necessary in such case, and this action at the suit of the receiver cannot be maintained.

The judgment must be reversed and the complaint dismissed as to the appellant.

All concur except MILLER, J., not voting.

Judgment accordingly.