WILLIAM H. OLMSTED, RESPONDENT, *v.* THE ROCHESTER
AND PITTSBURGH RAILROAD COMPANY AND OTHERS,
APPELLANTS.

*Receiver of a corporation — he cannot compel the delivery of books of the company,
which have been sold to and are in the possession of a new corporation, by a summary
order made in the action in which he was appointed.*

Upon the hearing of an appeal from an order adjudging the defendants to be guilty
of contempt in refusing to deliver all the property and books of the defendant
corporation, as required by an order made on December 4, 1886, to one Forker
who was, by the said order, appointed a receiver of the said corporation, it
appeared that, on October 16, 1885, the property of the company was sold under
a judgment, in an action for the foreclosure of a mortgage, and that under that
sale the books were delivered to the purchaser, who subsequently conveyed and
delivered all the property he so purchased to two corporations, who were subse-
quently consolidated into one, and that the books and other property passed into
the possession of the consolidated company and were then in the custody of its
officers.    It also appeared that this new company had the same officers as the old
company, and that most of the books were in use by it, and that during the pro-
ceedings to foreclose the mortgage, and through the successive changes of
ownership and possession of the property of the road there was no interruption
in the method of conducting the operations of the road, and that all the books of
account had been continued as if but one company had been in existence as owner:
*Held,* that as the books passed, under the sale, to the purchaser, and were by him
transferred to the two new companies and thereafter passed to the new consolid-
ated company, and were now held by that company which claimed to own them
absolutely, that it could not be deprived of the possession of the books by a sum-
mary order made in this action. (PRATT, J., dissenting.)
That if the receiver desired to obtain the possession of these books, or of any other
property claimed by the company which was in its possession, he must institute
some proceeding for their recovery, to which the new corporation must be made a
party, to the end that there might be a determination of the question of ownership.

APPEAL from an order of the Kings County Special Term, entered
August 16, 1887, adjudging the defendant corporation, and Walston
H. Brown and Thomas F. Wentworth, guilty of contempt in failing
to comply with an order, made and entered on December 4, 1886,
appointing a receiver of the said corporation, and directing the
delivery to him of all the property and books of the corporation.

*Wheeler H. Peckham, Thomas F. Wentworth and William B.
Davenport,* for the appellants.

*John Proctor Clarke,* for the respondent.

DYKMAN, J. :

On the 4th day of December, 1886, Howard J. Forker was appointed the receiver of the Rochester and Pittsburgh Railroad Company, and the order for his appointment directed the delivery to him of all the property and books of that corporation. Compliance with his demand for the possession of the books was refused upon grounds and reasons now to be stated.

On the 16th day of October, 1885, the property of the Rochester and Pittsburgh Railroad Company was sold to Adrian Iselin, under a judgment in an action for the foreclosure of a mortgage, and under that sale all the books of the company, of which the possession is now sought, were delivered to Mr. Iselin. In the same month of October, 1885, Mr. Iselin conveyed and delivered all the property he so purchased to the Pittsburgh and State Line Railroad, a Pennsylvania corporation, and the Buffalo, Rochester and Pittsburgh Railroad Company, a New York corporation. The property remained in the possession of those corporations until the spring of the year 1887, when they were both consolidated under the statutes of the States of New York and Pennsylvania into the Buffalo, Rochester and Pittsburgh Railway Company, and the books and the other property then passed into the possession of the consolidated company. Most of the books are at Rochester, where they always have been, and they are now in the custody of the new consolidated company or its officers. This new company has the same officers as the old company, but they constitute a different body corporate. Most of the books are in use by the new company, and during the proceeding to foreclose the mortgage, and through the successive changes of ownership and possession of the property of the road there was no interruption in the method of conducting the operations of the road, and all the books of account have been continued as if but one company had been in existence as owner.

Beyond dispute, therefore, at the time when the receiver was appointed, the possession of these books was in the consolidated company, and most of them were in the custody and use of the officers of the new company at Rochester, and such possession is lawful and under a claim of legal title and ownership. Upon this state of facts these appellants set up a want of power and authority to deliver these books to the receiver. There is substantially no

dispute about the material facts, and the appeal must be decided upon legal principles. The receiver seems to rely upon the continued existence of the corporation, and insists upon his right to the possession of the books. for the purpose of making an examination of the affairs of the company, with a view to a determination whether certain claims had any foundation, or any proof for their sustenance. In its applicability to property belonging to or in the possession of the old corporation, the argument may have force and might be allowed effect, but where the title and possession has departed from his company, the receiver cannot invoke the power of the court for its summary delivery to him. The exercise of such a power might result in an order for the delivery of property belonging to a third party without an opportunity to be heard in opposition.

This case illustrates well the evils which might result from the exertion of such a power. This receiver charges that the new consolidated company is a sham, organized in pursuance of a scheme to wipe out certain stock, and therefore it has no legal existence and can have no valid title to the books or property of the old corporation, and therefore the title and the right to the possession of the books remains in the old company, and has devolved upon him as the receiver thereof. The argument would give the receiver all the property of the old company and justify a summary order by the court for its delivery to him. But the contention is entirely inadmissible. If this receiver desires to obtain the possession of these books, or any other property claimed by the new company which is in its possession, he must institute some proceedings for its recovery, to which the new corporation must be made a party, for the determination of the question of ownership. (*Parker* v. *Browning*, 8 Paige, 388.)

There are one or two reasons why the appellants should not be punished for contempt for a failure to deliver the books to the receiver, but we prefer to place our decision upon broad ground and decide the question upon its merits. And we hold that the books passed under the sale to Mr. Iselin, and were by him transferred to the two new companies, and thereafter passed to the new consolidated company, and are now held by that company, which claims to own them absolutely, and as a result that the new company cannot be deprived of the possession of the books by a summary order. The receiver places emphasis upon the identity of the officers of the old

and new companies, and claims greater rights against them, and enlarged obligations resting upon them from that fact, but such sameness would not justify any contravention of their trust as officers of the new company.

The power and duties of their new position are well defined by law and must be exercised and discharged independently of and untrammeled by their former position. Any voluntary surrender to the receiver of the old company of property belonging to the new corporation, would be now beyond the scope of their powers, the same as it would be if they had never been officers of the old corporation. The actual physical possession of the books by the appellants by no means controls their use or the purposes to which they are to be dedicated. If they belong to the new corporation they must be retained by the appellants as officers of that company and devoted to its uses and purposes, and cannot, without the violation of their duty be delivered to the receiver of the old company.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

BARNARD, P. J., concurred; PRATT, J., dissented.

Order reversed, with costs and disbursements, and motion denied, with costs, except as to Iselin, and as to him portion of order appealed from affirmed, without costs.