MORGAN v. BUCKI et al.

(Supreme Court, Special Term, New York County. January 5, 1900.)

1. RECEIVERS—ACTION BY RECEIVER—PLEADING—PROOF OF APPOINTMENT.
    An allegation that a receiver was "duly" appointed suffices to admit proof of the regularity of his appointment.

2. SAME—LEAVE TO SUE.
    A receiver appointed in sequestration proceedings can neither bring nor defend actions, except by permission of the court appointing him; hence, such permission being the basis and a condition precedent to such right, a complaint by such receiver, which fails to allege that such leave was obtained, is demurrable.

3. SAME—COMPLAINT—ALLEGATION.
    The right of a receiver appointed in sequestration proceedings to bring suit does not fall within the scope of an allegation that the plaintiff was "duly" appointed receiver, since the right is not incidental to his appointment.

Action by Bankson T. Morgan, as receiver of the personal property and the rents and profits of the real property of Charles L. Bucki, against Charles L. Bucki and another. Defendants' demurrer sustained.

William Marston Seabury (Samuel Seabury, of counsel), for plaintiff.

Samuel H. Guggenheimer, for defendant Henry Waler.

GIEGERICH, J. The alleged fraudulent transfer having antedated the receiver's appointment, there would seem to be no doubt that the action can be maintained in this form (Donnelly v. West, 17 Hun, 564), and I do not think that the plaintiff's standing is affected by the fact that a money judgment for accrued alimony was obtained in the matrimonial action. The plaintiff was not appointed receiver in supplementary proceedings under that judgment, since the judgment was obtained after his appointment, and the allegations of the complaint are only consistent with the fact that the order for the receivership was made in sequestration proceedings. He was "duly" appointed, and this suffices to admit proof of the regularity of his appointment. Beach, Rec. § 698. A receiver in sequestration proceedings, unlike a receiver in supplementary proceedings (rule 77, Gen. Rules Prac.), has not, however, incidental authority to sue, especially when the cause of action is to set aside a transfer of real estate, as in this case, since he can "neither bring nor defend actions, * * * except by permission and the direct authority of the court by which he was appointed" (Foster v. Townshend, 68 N. Y. 203, 206); and here the question of the necessity of an allegation that the plaintiff brings this action by leave of court is raised by the demurrer. Clearly, this right to sue does not fall within the scope of the allegation that the plaintiff was "duly" appointed receiver, for the right is not incidental to the appointment, and the permission to sue, in such a case as this, is at the basis of the claim, and is a condition precedent to the right of action in the receiver. Foster v. Townshend, supra; Merritt v. Merritt, 16 Wend. 405. Under these cir-

cumstances, it must be held that the complaint is defective for a failure to allege that leave had been obtained. Freeman v. Dutcher, 15 Abb. N. C. 431; Abb. Tr. Brief Pl. p. 249, § 287. The cases cited by the plaintiff are found, upon examination, to be distinguishable from the case at bar, because they are founded upon reasons which afford an exception to the general rule.

Demurrer sustained, as indicated; otherwise overruled. No costs. The plaintiff to have leave to amend within 20 days.