(34 Misc. Rep. 97.)

GARDEN et al. v. GARDEN et al.

(Supreme Court, Special Term, New York County.   February, 1901.)

1. ALIMONY—SEQUESTRATION OF HUSBAND'S PROPERTY—ACTION BY WIFE.
    Where, on failure of a husband to comply with order to pay his wife alimony, all his personal property has been sequestered, and a receiver appointed, a separate action to restrain executors of a will from paying the husband a legacy in their hands may be maintained by the wife, and the proceeds thereof directed to be paid to the receiver.

2. SAME—SUIT BY RECEIVER.
    A receiver appointed in sequestration proceedings against a husband on his failure to pay alimony to the wife as directed cannot sue without leave of court.

Action by Lillian L. Garden and others against Alfred L. Garden and others to restrain payment to the defendant Garden of a legacy accruing since the order of sequestration, the wife being made a co-complainant with the receiver.   Demurrer as to the sufficiency of complaint in favor of receiver sustained, and on other grounds overruled.

William L. Snyder, for plaintiffs.
Leslie & Miner, for defendants.

BISCHOFF, J.   The action is, I think, properly brought by the wife to enjoin the payment of the legacy in question to any person other than the receiver appointed in sequestration proceedings, and to obtain a judgment directing payment to the receiver.   The fact that the plaintiff's claim is founded not upon a judgment, but upon an order for alimony, is immaterial, as I view the case.   The wife does not seek a transfer to herself as a creditor.   Her interest is based upon the order of the court, whereby all the personal property of the husband is impounded; and to protect that interest the judgment of a court of equity is essential, upon the facts disclosed. This legacy is covered by the order of sequestration, and is none the less within its scope for the absence of a recovery at law of an execution issued against real estate.   A creditors' action, proceeding for the enforcement in equity of some legal right, necessarily involves a prior resort to all legal remedies;   but in a case like the present no legal remedy exists for the protection of the wife's rights, under the order of sequestration, as against a fraudulent transfer by the husband, or at his instance, in hostility to the possession of the receiver.   Obviously, the wife could not protect herself in the present situation, except by resort to an injunction;   and the injunction could not be granted in the sequestration proceedings, but solely in an action instituted for that ultimate relief.   Her rights were fixed by the order of sequestration, and she has undoubtedly a standing in equity to protect those rights.   She has at least an equitable lien upon all the personal property of the debtor, and for the protection of such a lien, as against a fraudulent transfer of the property to which it attaches, an equitable action lies, notwithstanding the absence of a legal recovery.   People v. Van Buren, 136 N. Y. 252, 32 N. E. 775. And an action is maintainable in equity in aid of sequestration pro-

ceedings.   19 Enc. Pl. & Prac. 546;  Foster v. Townshend, 2 Abb. N. C. 30, note;  White v. Geraerdt, 1 Edw. Ch. 336.   I conclude that the complaint states a cause of action in favor of the wife.

The demurrer is to be sustained, however, so far as it proceeds upon the insufficiency of the complaint in the attempted statement of a cause of action in favor of the receiver, since he has no standing in court in the absence of an allegation that leave to sue had been obtained.   Where leave is required merely in compliance with some rule of law which opposes an obstacle to the prosecution of an action otherwise maintainable as of right, the leave may be granted nunc pro tunc, and its omission does not affect the cause of action.   McKernan v. Robinson, 84 N. Y. 105.   Nor may it be availed of for the first time on appeal.   Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. Supp. 905.   A material difference exists, however, in an action brought by a receiver in sequestration proceedings.   Without permission of the court, he may neither institute nor defend any action or proceeding whatever, and such possession as he has is merely the possession of the court.   The omission of leave of court is not a mere obstacle to his maintaining a suit, but the granting of leave is the very foundation of his right to sue, and the right owes its existence to the permission.   Foster v. Townshend, 68 N. Y. 206.   Under these circumstances, an allegation that leave to sue has been obtained is essential to the cause of action.   Abb. Tr. Brief Pl. § 287. And the rule has been lately applied to such a case as that before me.   Morgan v. Bucki, 30 Misc. Rep. 245, 61 N. Y. Supp. 929.   In other respects the demurrer is overruled.

The question as to the seasonableness of the demand for payment does not affect the cause of action,—at least, so far as it proceeds for injunctive relief; and there is no defect of parties in the nonjoinder of a supposed assignee of the legacy, for the complaint does not allege that the claim has been in fact assigned.

Demurrer as to sufficiency of complaint in favor of receiver sustained, with costs.   Upon all other grounds, demurrer overruled, with costs.   Leave to plead over on usual terms.