## CASE v. DUFFY.

### (Supreme Court, Appellate Term. February 23, 1904.)

**1. CONVERSION—DEMAND—NECESSITY.**

One who, as receiver of a corporation, received from its president certain canceled coupons belonging to the company, but among which were included, by mistake, uncanceled coupons belonging to the president individually, could not be held liable for a conversion of the coupons included by mistake, in the absence of a demand for the return of the same, and a refusal on his part to comply therewith.

**2. RECEIVERS—CUSTODY OF PROPERTY—INCLUSION BY MISTAKE—REMEDY.**

Where a receiver of a corporation, duly appointed by order of the court, took possession of and accounted for certain property of the corporation, one whose private property was mistakenly included in that turned over to the receiver should have applied to the court for relief from his mistake, or have obtained leave of the court before suing the receiver.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edwin R. Case against Joseph A. Duffy. From a judgment of the Municipal Court for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

James Harold Warner, for appellant.
Johnson & Johnson, for respondent.

FREEDMAN, P. J. The pleadings in this case were oral, and plaintiff complained of the defendant for the "conversion of 14 coupons." Briefly stated, the facts are these: In an action in the Supreme Court in which the Franklin Trust Company was plaintiff, and the New Paltz & Poughkeepsie Traction Company and others were defendants, the defendant herein was appointed a receiver of the traction company's assets. The plaintiff was the president of that company. The defendant, as receiver, demanded from the plaintiff the possession of certain papers, books, property, etc., of the company, and in pursuance of such demand the plaintiff delivered to the defendant a number of canceled coupons belonging to said company, among which were included by mistake, as claimed by the plaintiff, 14 coupons belonging to the plaintiff, and not to the company. All of the coupons so delivered by the plaintiff to the defendant were by him subsequently delivered to the referee appointed to take proof of the amount due and to become due upon the bonds, coupons, and mortgages set forth in the complaint in the action in the Supreme Court. Thereafter the referee made and filed his report, showing, among other things, that he had delivered all the bonds and coupons received from the defendant to the trustee named in a mortgage then being foreclosed in such action. After this had been done, the plaintiff then discovered that the coupons in question had been turned in to the receiver as the property of the company, and canceled by mistake by the plaintiff or his clerk. At this time the plaintiff claims that

¶ 2. See Receivers, vol. 42, Cent. Dig. § 334.

he made a demand upon the defendant for the value of the coupons. Whether or not such a demand was made is the only question of fact in the case, and that question has been decided in favor of the defendant upon conflicting testimony. It is perfectly clear that, under the facts and circumstances in this case, the plaintiff could not recover without a demand for a return of the property, and a refusal on the part of the defendant to comply therewith, as the defendant acquired lawful possession thereof, and without wrong on his part; and the judgment could well be affirmed for the reason that upon that question the court below found in favor of the defendant. Even if a proper demand is conceded, it is difficult to see upon what theory the plaintiff can recover of this defendant. The defendant was a duly appointed officer of the court. He rightfully, as such officer, took possession of the property in question. The plaintiff's attorney, in writing to the defendant, speaks of these coupons as having been "by mistake delivered to you as receiver." He has accounted for the coupons, and delivered them to the referee, who had, by an order of this court, delivered them to the trustee, and they were at the time of the commencemnt of the action and at the time of the trial in possession of said trustee. The plaintiff should have applied to the court for relief from his mistake, or at least have obtained leave of the court to bring his action against the defendant as receiver. James v. James Cement Co., 8 N. Y. St. Rep. 490.; Foster v. Townshend, 2 Abb. N. C. 29; Id., 68 N. Y. 203.

Judgment affirmed, with costs. All concur.