## In re SPIES.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. DIVORCE—ALIMONY—RECEIVERS—BONDS.

Code Civ. Proc. § 715, providing that a receiver appointed in an action or a special proceeding, before entering on his duties, shall file with the proper clerk a bond conditioned, etc., is applicable to a receiver appointed to take charge of the personal property of a husband against whom a judgment for alimony had been recovered, and who has failed to pay the sum decreed, as authorized by section 1772.

2. SAME—CONTEMPT—JUDGMENT—HABEAS CORPUS.

Where relator was arrested and imprisoned for contempt in refusing to turn over certain personal property to a receiver appointed in a matrimonial action, the erroneous decision of the trial judge that the receiver was not bound to give bond before making a demand for the property did not render the judgment committing relator for contempt void, so as to entitle relator to release on habeas corpus.

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Application by Peter Spies for a writ of habeas corpus. From an order dismissing the writ, relator appeals. Affirmed.

·Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Smith Lent, for relator.

Charles W. Lefler, for respondent.

O'BRIEN, J. In an action brought against the relator by his wife for a limited divorce, such proceedings were finally had that a receiver of all the real and personal property of the relator was appointed, who, after his appointment, demanded the assignment to him of certain patents and patent rights. With this demand the relator refused to comply, and was thereafter, for such refusal, adjudged in contempt of court. A warrant of commitment was issued to the sheriff, who arrested the relator and imprisoned him, and it is by virtue of such commitment that he is now confined in the county jail. In the order appointing the receiver, there was no provision for the giving of a bond, and, so far as appears, no bond has ever been given by the receiver; and the question is presented upon this appeal whether the receiver had power to act until he had been required to, and did, give and file a bond. The relator contends that, as it appeared that the receiver had not filed any bond at the time he made demand for the delivery of the property, he was not entitled to make such demand, and therefore the refusal of the relator was justifiable, and he could not be held guilty of contempt for such refusal, and that his imprisonment by reason thereof is illegal.

The receiver was appointed under section 1772 of the Code of Civil Procedure, which contains the provisions for enforcing a judgment rendered in a matrimonial action, and, among other things, provides that, on the refusal of the husband to pay the money or give the security required under the judgment, the court "may cause his personal property and the rents and profits of his real property to be sequestered and may appoint a receiver thereof." The section, it will be noticed, does not in terms require the receiver thus appointed to give a bond; but by section 715 of the Code it is provided that "a receiver appointed in an action or special proceeding, must, before entering upon his duties, execute and file with the proper clerk, a bond to the people, with at least two sufficient securities, in a penalty fixed by the court, judge or referee, making the appointment, conditioned for the faithful discharge of his duties as receiver." The theory undoubtedly adopted by the learned judges making the orders was that this section did not apply to a matrimonial action. This subject of the giving of a bond was one over which they had undoubted jurisdiction, and which it was for them to decide; and, for an error in the decision made, the remedy could be by appeal. We agree with the relator that section 715 of the Code, which is the general provision relating to receivers, is controlling in matrimonial as well as in other actions or proceedings wherein no other or different provision is made by law. The error, however, into which the court fell in not requiring a bond to be given, did not render the order under which the receiver was appointed void,

though it was voidable. Holmes v. McDowell, 15 Hun, 585, affirmed in 76 N. Y. 596, is somewhat analogous in principle. That was an action to dissolve an insolvent partnership, wherein a receiver was appointed under an order requiring a bond to be given with one surety only, instead of two, as required by section 715 of the Code; and, in a contest between judgment creditors claiming liens upon the partnership property as against the receiver, one of the main grounds relied upon was that the order, having been made upon insufficient sureties, was void, and that the receiver obtained no title as against them. This contention was not sustained; it being held that such order was not void, but that the court might at Special Term amend it so as to require a bond with two sureties to be given. That case is not directly in point, however, because there the order itself was assailed, whereas here the order of appointment is not directly attacked, but the contention is that the receiver was not qualified or entitled legally under it to make the demand which he did until he had given the bond required by the Code, and hence that the relator was warranted in refusing to comply. This, however, as we have endeavored to point out, was a question for the court to determine; and determining it erroneously did not defeat the title or right of the receiver, nor was it for the relator to determine for himself whether or not the court had correctly decided the question of requiring the receiver to give a bond, his remedy being to appeal.

We think that the order made in this proceeding adjudging the relator guilty of contempt was right, and that the order appealed from, dismissing the writ of habeas corpus, should be affirmed.

VAN BRUNT, P. J., and INGRAHAM and HATCH, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to agree to an affirmance of this order. The receiver was appointed under section 1772 of the Code of Civil Procedure, but his appointment, so far as a bond is concerned, is controlled by section 715, which provides:

"A receiver appointed in an action or special proceeding, must, before entering upon his duties, execute and file with the proper clerk a bond to the people, with at least two sufficient sureties in a penalty fixed by the court, judge, or referee making the appointment, conditioned for the faithful discharge of his duties as receiver. ＊　＊　＊"

It may be conceded that the receiver's appointment was regular, in the sense that it was not void, but it was so far incomplete—in that no provision had been made for the giving of a bond—that the receiver could not perform any act as such. To hold otherwise is to nullify so much of section 715 as provides that a receiver "must, before entering upon his duties, execute and file with the proper clerk a bond." The receiver not being in a position to make the demand, it was not a contempt of court for the relator to refuse to comply with it. It seems to me to be quite a novel proposition that one commits contempt of court in not turning over all of his property to a person not authorized to receive it, simply because an unauthorized demand has been made therefor.

I think the order appealed from should be reversed, and the motion to discharge the relator granted.