KLASKO FINANCE CORPORATION et al., Plaintiffs, *v.* BELLEAIRE HOTEL CORPORATION et al., Defendants, and TEN EAST SIXTIETH STREET RESTAURANT CORPORATION, Appellant.

ABRAHAM I. SPIRO, as Receiver, Respondent.

(Argued June 1, 1931; decided July 15, 1931.)

*Isaac N. Jacobson* and *I. Maurice Wormser* for appellant. The order of the Special Term is a final order in a special proceeding. (*People* v. *City Bank,* 96 N. Y. 32; *People* v. *American Loan & Trust Co.,* 150 N. Y. 117; *N. Y. Security Co.* v. *Saratoga G. & El. L. Co.,* 156 N. Y. 645; *Matter of Jensen Co.,* 128 N. Y. 550; *Guaranty Trust Co.* v. *Philadelphia, R. & N. E. R. R. Co.,* 160 N. Y. 1.)

*Joseph I. Green* for respondent. The appeal should be dismissed upon the ground that the court is without jurisdiction. (Civ. Prac. Act, § 588, subd. 1; *Van Arsdale* v. *King,* 155 N. Y. 325; *Matter of Arcadu* v. *Levinson,* 250 N. Y. 355; *Guaranty Trust Co.* v. *Philadelphia, R. & N. E. R. R. Co.,* 160 N. Y. 1; *N. Y. Security & Trust Co.* v. *Saratoga G. & El. L. Co.,* 156 N. Y. 645; *People* v. *American Loan & Trust Co.,* 150 N. Y. 117; *New Way Bldg. Corp. Co.* v. *Taft Bldg. Co.,* 129 Misc. Rep. 170; *American Mortgage Co.* v. *Sire,* 103 App. Div. 396; *Matter of Phillips,* 234 N. Y. 503; *Southern Elec. Co.* v. *Beha,* 269 U. S. 186; *Cataract Journal Co.* v. *Fuller,* 220 N. Y. 766; *Kramer* v. *Buffalo U. Furnace Co.,* 196 N. Y. 532; *Hammond* v. *National Life Assn.,* 168 N. Y. 262; *French* v. *Seamans,* 157 N. Y. 704; *Matter of Small,* 158 N. Y. 128; *Empire City Savings Bank* v. *McGrew,* 248 N. Y. 521; *Liben* v. *Gore Building Corp.,* 253 N. Y. 650.)

CARDOZO, Ch. J. In an action to foreclose a mortgage an order was made on December 1, 1930, for the appointment of a receiver of the rents and profits.

The building covered by the mortgage was a hotel in the city of New York. Part of the hotel was leased after the execution of the mortgage to the " 10 East 60th Street Restaurant Corporation " at what was in effect a nominal rental. Both the landlord and the tenant are parties to the action.

The receiver made demand upon the tenant for the payment of the value of the use and occupation. The demand being refused, he submitted a petition to the court that payment be directed at the rate of $2,500 a month, and that in default of such payment possession be surrendered. The petition was based upon two grounds: *first*, that the lease had been made in bad faith with a design to defeat the sequestration of the rents, and, *second*, that irrespective of a fraudulent design, it was subject to annulment at the instance of the receiver if the rental was inadequate. The Supreme Court at Special Term granted the petition, and the Appellate Division affirmed the order, one of the justices dissenting.

At the threshold we meet the question whether the order brought before us is an intermediate order in an action or a final order in a special proceeding. If final, it is subject to review in this court, for there was a dissent at the Appellate Division. If intermediate, it is not subject to review, for there was no allowance of the appeal by the Appellate Division, nor certification of a question.

We think the order is an intermediate one upon a motion in an action (*People* v. *American Loan & Trust Co.*, 150 N. Y. 117; *New York Security Co.* v. *Saratoga G. & E. L. Co.*, 156 N. Y. 645).

The tenant of the restaurant, the appellant in this court, is a party to the suit for the foreclosure of the mortgage. Being such a party, it is subject to the summary jurisdiction of the Supreme Court, the court appointing the receiver, in respect of any conduct frustrating the receivership (*Parker* v. *Browning*, 8 Paige, 388, 391). We do not need to inquire to what extent it would be

subject to a like jurisdiction if it were a stranger to the suit. By the settled practice of the chancery, a stranger may intervene and will be heard *pro interesse suo* when his interests in the subject-matter of a receivership are affected to his prejudice by the acts of the receiver (1 Barbour's Ch. Pr. 73; 1 and 2 Daniell's Ch. Pr. [8th ed.] pp. 801, 1480, 1481; 19 Abb. N. C. 359, 372, 380, note; *Foster* v. *Townshend*, 2 Abb. N. C. 29, 36; affd., 68 N. Y. 203, 206, 208; *People* v. *American Loan & Trust Co.*, *supra*). Precedents are not lacking for a jurisdiction as summary asserted *in invitum* (1 Barbour's Ch. Pr., *supra;* 2 Daniell's Ch. Pr., *supra;* cf. *Foster* v. *Townshend*, *supra;* *Taubel-Scott-Kitzmiller Co.* v. *Fox*, 264 U. S. 426). We do not pause to fix their limits or determine their authority. Certain it is, in any event, that as against a party to the suit, an adjudication as to the rights of the receiver and the duties of the party in respect of the property impounded may be made upon motion. If the occupant were in possession as a mere licensee, an order directing a surrender of possession in default of payment to the receiver of a reasonable rent would promptly be perceived to be an order in the action, and not an order in a special proceeding independent of the action. The case is not different where the muniment of title put forward by the occupant is proved to be nothing more than a simulacrum of a lease, a fraudulent device to forestall a sequestration (*Foster* v. *Townshend*, 2 Abb. N. C. at p. 36). The character of the order does not vary with the persuasiveness of the evidence given in support of it. It is still an order establishing the effect of a receivership against a party bound thereby who refuses due submission. What would be a motion in an action if determined in favor of the tenant is not turned into a special proceeding when determined, rightly or wrongly, in favor of the receiver.

Jurisdiction of the appeal failing, we are not at liberty to review the merits. Nothing that we have said is to

be taken as indicating our assent to the contention of the receiver that there is proof of fraud adequate to invalidate the tenancy, or that, in the absence of fraud, the lease may be disregarded until terminated by a sale under a judgment of foreclosure (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 289).

The appeal should be dismissed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Appeal dismissed.