126[1]

In the Matter of Supplementary Proceedings: VINCENT E. DONOHUE, Receiver in an Action Entitled " BEACH 70TH STREET HOLDING CORP., Plaintiff, *v.* BEACHLAND, INC., and Others, Defendants," Judgment Creditor, Respondent, *v.* LOUIS STEIN, Judgment Debtor, Appellant.

Second Department, February 26, 1937.

*Samuel Goldberg*, for the appellant.

*Richard C. Faber*, for the respondent.

PER CURIAM. The action is to foreclose a mortgage upon real property. A receiver of the rents, issues and profits was duly appointed. To such receiver, by order, the appellant, a tenant of a part of the mortgaged premises under a lease for years, was directed to attorn. The same order in effect also directed that the appellant pay the sum of $500 to the receiver as rent for a certain period for such part of the premises, or, in the event of appellant's non-compliance, that the receiver might apply to the court *ex parte* for an order directing the sheriff to assist him in obtaining possession of such part of the mortgaged premises. The receiver subsequently procured such an order directed to the sheriff, and it is now in the sheriff's hands. The receiver thereupon issued a subpœna for the examination of the appellant in supplementary proceedings, purporting to do so in pursuance of the provisions of sections 773, 774 (subd. 2), and 775 (subd. 2) of the

Civil Practice Act. The appellant moved to vacate that subpœna. From an order denying that motion, this appeal is taken. The order obtained by the receiver, directing attornment to him by the appellant and granting other relief, did not constitute a judgment or decree or order awarding the payment of money within the purview of section 773 of the Civil Practice Act. (See *Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 N. Y. 1.) Therefore, the issuance of a subpœna purporting to be issued in pursuance of Civil Practice Act, section 774, subdivision 2, and section 775, subdivision 2, was unauthorized. The respondent was not shown to be a judgment creditor (Civ. Prac. Act, § 773); and there was no docket of any judgment (Civ. Prac. Act, § 775, subd. 2), a jurisdictional prerequisite to the issuance of such a subpœna.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Order denying motion to vacate subpœna for examination in supplementary proceedings reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.