In the Matter of the Estate of JENNIE BERKOWITZ, Deceased.

Surrogate's Court, New York County, January 26, 1939.

*Francis J. McCaffrey, Jr.,* and *Paul Bank,* for the administrators.

*Wasserman & Erenstoft,* for certain assignees of Harry Berkowitz.

*Harry Seiden,* for another assignee of Harry Berkowitz.

*Samuel Pivar,* for an assignee.

*Feldman & Schnapp* [*Samuel Schnapp* of counsel], for Frank A. Carlin, receiver in supplementary proceedings of Harry Berkowitz.

*Stillman & Stillman,* for the receiver in sequestration.

*James J. McInerney,* special guardian for infants.

*Rosenberg & Rosenberg,* for Sadie Berkowitz.

DELEHANTY, S. In this accounting proceeding distribution of the estate awaits determination of the identity of the person entitled to take the one-third of the residuary willed to Harry Berkowitz. The latter has made assignments of his interests. He has suffered judgments to be taken against him under which a receiver in supplementary proceedings has been appointed and is acting. In addition he is defendant in a divorce action pending in New York county wherein a sequestration receiver has been appointed. Attack is made upon the assignments by the receiver in sequestration. None is made upon them by the receiver in supplementary proceedings. Until the respective rights of the two receivers are fixed determination cannot be made whether the issue of the validity of the assignments requires trial.

In the divorce action the summons and complaint was served on April 13, 1937. The sequestration order was made by the Supreme Court on October 11, 1937, and a certified copy of this order was served on the administrators on October 22, 1937. A final judgment of divorce in favor of the plaintiff in that action was entered June 29, 1938. The sequestration receiver is authorized by the order to take all of the property of the defendant and to hold as security the amount taken up to but not exceeding $3,500. The proof before the court establishes that defendant in that action — a legatee in this estate — was consistently in default in the payment of the alimony and counsel fees ordered to be paid.

Pursuant to proceedings supplementary to judgment, a receiver was appointed on February 10, 1938. The order appointing the receiver was served on the attorneys for the administrators on February 18, 1938. Despite the later date of appointment and of service of his order, the receiver in supplementary proceedings asserts priority of right to the fund here in controversy. He asserts, among other things, that the sequestration proceeding and

the receivership thereunder terminated with the entry of the final judgment of divorce; that the receiver in the sequestration proceeding acquires no rights until actual possession is taken of assets; that the receiver in sequestration never qualified because no bond was filed; that the receiver's rights depend upon the existence of arrears in alimony and fail when the alimony is fully paid; and, finally, that equitably the creditors represented by the receiver in supplementary proceedings are entitled to priority over any provision for the future maintenance of the former wife of the legatee.

The assertion that the judgment in the divorce action terminated the sequestration proceeding is without any substance. The sequestration may be made for the purpose of assuring payment of sums directed by order or *judgment* during the pendency of the action or *at the termination* thereof. (Civ. Prac. Act, §§ 1171, 1171-a.)

The assertion that the receiver in sequestration acquired no rights because no assets were actually taken into possession is without substance. The case cited in support of this contention (*Rosenberg* v. *Rosenberg*, 259 N. Y. 338) is inapplicable. That case held merely that the sequestration receiver could not obtain assets by a summary proceeding where the title was challenged. The other case cited (*Foster* v. *Townshend*, 68 N. Y. 203) is equally inapplicable since it relates to the right of the receiver to take real property and was based upon a state of the law probably no longer applicable. By express statute *rents* of realty may now be taken in sequestration proceedings. (Civ. Prac. Act, § 1171.) This sequestration receiver did the appropriate and effective thing of filing with the estate representatives the order of appointment as the preliminary to the taking over of the legatee's interest when it was payable. Nothing further was feasible at the time; nothing more was required. The sequestration receiver acquired title to the legatee's property. (*Garden* v. *Garden*, 34 Misc. 97; *Bucki* v. *Bucki*, 26 id. 69.)

The objection that the sequestration receiver never filed a bond and hence is disabled to take property presents a question which is held by this court to be unavailable here to the receiver in supplementary proceedings because his remedy, if any, is in the Supreme Court and in a direct attack upon the order appointing the sequestration receiver. The order for the sequestration directs the receiver to file a bond in a sum equal to the property possessed by her " when she shall actually become possessed of property of the defendant." No actual possession of property in the sense of the order has been taken by the receiver. While it is the general rule that a receiver must file a bond before qualifying and while section

976 of the Civil Practice Act provides generally that a receiver appointed in an action must execute and file with the proper clerk a bond in a penalty fixed by the court it is also true that when he qualifies his title relates back to the date of his appointment. (*McCorkle* v. *Herrman*, 117 N. Y. 297; *Matter of S. S. T. B. Co.*, 136 id. 169; *Matter of C. J. Co.*, 128 id. 550.) This court expresses no viewpoint as to the practice pursued in directing that a bond be filed only when the property was actually in hand. Such procedure seems entirely reasonable. It was adopted by the Supreme Court, and this court is bound to accept the formula as the correct one in the absence of reversal of the order. In any event, the order is no more than voidable. It is not void. (*Matter of Spies*, 92 App. Div. 175.) It cannot be attacked here collaterally. The legatee could not attack it, as *Matter of Spies* (*supra*) shows. The receiver in supplementary proceedings is in no better case.

The attack based upon the assumed limitation in the rights of the sequestration receiver to periods when arrears in alimony exist is factually unsupported. The court has held, in fact, that the legatee has been in arrears consistently. The existence or non-existence of arrears is not the determining feature, however. The sequestration is intended as security. It is not an execution against property nor a means of collecting merely money already overdue. (*Scott* v. *Scott*, 219 App. Div. 451.)

The argument that the creditors should be preferred over the former wife of the legatee is one to be addressed to the Supreme Court, not to this court. It should not be overlooked that the wife has a judgment for money due her and to become due her. If the Supreme Court shall determine that the quantity of the security is excessive or that the sequestration receiver should be discharged that court will determine what the sequestration receiver will do with the money. The sole remedy of the receiver in supplementary proceedings is an application for modification of the sequestration order.

For the reasons and on the authorities stated the court holds that the legacy is payable to the receiver in sequestration and that the rights of the receiver in supplementary proceedings thereto are subordinate.

The ruling here made will require trial of the issue as to the validity of the assignments purported to have been made by the legatee. That issue is already set for hearing on January 27, 1939, at two o'clock P. M.