RUTH B. VIALL, Respondent, v. LELAND S. VIALL, Appellant.— Orders affirmed, with ten dollars costs and disbursements. All concur, except Dowling, J., who dissents and votes for reversal in the following memorandum: The final decree of divorce awarding the plaintiff, Ruth B. Viall, alimony did not make her a judgment creditor for the reason that said final decree was never docketed as a judgment. The docketing of the final decree as a judgment was a jurisdictional prerequisite to Mrs. Viall's right to examine the defendant Leland S. Viall in proceedings supplementary to judgment. (*Donohue* v. *Stein*, 250 App. Div. 126, 127.) Until docketed as a judgment, the decree could not be enforced by execution. (Civ. Prac. Act, § 504.) Accrued alimony is in the nature of a judgment debt against the husband and the former wife may make application that the unpaid installments be docketed as a judgment and when it is so docketed proceedings supplementary to judgment may be resorted to. (*Doncourt* v. *Doncourt*, 245 App. Div. 91; *Matter of Curtis*, 188 id. 470; affd., 228 N. Y. 534; *Thayer* v. *Thayer*, 145 App. Div. 268; Civ. Prac. Act, § 538.) The plaintiff is a creditor. (*Wetmore* v. *Wetmore*, 149 N. Y. 520, 522, 528.) But she is not a judgment creditor. (Rothenberg New York Law of Alimony [1932], p. 195, subd. C; Civ. Prac. Act, §§ 774, 775.) In cases where no judgment has been docketed and resort has been had to contempt proceedings the only remedy available to a wife to enforce payment of back alimony is sequestration proceedings under section 1171 of the Civil Practice Act. On November 22, 1937, an order was made appointing a receiver in sequestration proceedings. This order has never been revoked and so far as it appears it is in full force and effect. Having elected to sequester the defendant's property, the plaintiff is debarred from pursuing the remedy in question here. (*McDonnell* v. *McDonnell*, 281 N. Y. 480, 481.) (The first order denies defendant's motion to vacate *ex parte* orders appointing and discharging a receiver; the second order denies a motion to resettle the first order.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

AGNES B. BRENNAN, Respondent, v. E. W. EDWARDS & SON, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of her having been knocked to the floor by one of defendant's employees while in defendant's store. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THOMAS J. BRENNAN, Respondent, v. E. W. EDWARDS & SON, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff for loss of services of, and medical attendance for, plaintiff's wife, resulting by reason of her having been knocked to the floor by one of defendant's employees while in defendant's store. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.