Irving H. Saypol, J.
Motion to vacate four subpoenas duces tecum for examinations of a judgment debtor and witnesses in supplementary proceedings. It is undisputed that a judgment for $1,290,170.57, signed by Mr. Justice Streit of this court, was duly filed and entered by the County Clerk of the County of New York on March 22, 1961, but was not “docketed ” by the County Clerk. It is argued that docketing of the judgment is a jurisdictional prerequisite to the validity of subpoenas in proceedings supplementary to judgment. This contention, however, is not well taken. Docketing the judgment under these circumstances is merely a clerical function. Failure to do so is not jurisdictional, and it may be done after the institution of supplementary proceedings. It is true that failure to docket a judgment will prevent the creation of a lien upon lands (Civ. Prac. Act, § 509; Whitney v. Townsend, 67 N. Y. 40, 43), but it does not impede the commencement of supplementary proceedings. Nothing in the statutes requires docketing before such proceedings are undertaken. If the Legislature had meant any other result, language to that effect could easily have been included in the pertinent statutes. (See Civ. Prac. Act, § 509; Manton v. Brooklyn & Flatbush Realty Co., 217 N. Y. 284, 288.) All that appears necessary is that there be a valid ‘1 judgment * * * rendered in any sum by any court of this state ” (Civ. Prac. Act, § 773). Nor does the use of the word “ docketed ” in the suggested form of subpoena in section 775 of the Civil Practice Act make docketing a mandatory prerequisite, since it is obvious that in said section the word is used interchangeably with the word “ entered ”— entry of the judgment having been accomplished herein. Movant’s reliance on the Second Department case of Donohue v. Stein (250 App. Div. 126) is misplaced. That case merely advanced the proposition that a court- *384 appointed receiver of rents could not issue subpoenas for examinations in supplementary proceedings because he was not a judgment creditor and the court order, directing attornment and other relief, “ did not constitute a judgment or degree or order awarding the payment of money within the purview of section 773 of the Civil Practice Act. (See Klasko Finance Corp. v. Belleaire Hotel Corp., 257 N. Y. 1.) ” (Donohue v. Stein, supra, p. 127.) Any other statements therein were dicta. In the instant case, there is no question as to the validity of the judgment or that it is covered by section 773 of the Civil Practice Act. Moreover, the judgment has now been docketed, pursuant to the supplementary order of Mr. Justice Street.
Accordingly, the motion is in all respects denied and the temporary stay is vacated. The examinations will proceed at times and places mutually agreeable to the respective parties, or, if agreement cannot be reached, to be fixed by the court, for which an order may be settled.