THE PEOPLE OF THE STATE OF NEW YORK *v.* THE AMERICAN LOAN AND TRUST COMPANY.

In the Matter of the Application of LORENZO BURROWS, as Receiver of the Estate of ROSWELL S. BURROWS, Deceased, Respondent, *v.* J. EDWARD SIMMONS, as Receiver of THE AMERICAN LOAN AND TRUST COMPANY, Appellant.

ORDER IN ACTION FOR DISSOLUTION OF CORPORATION, FOR PAYMENT OF CLAIM OF CREDITOR BY RECEIVER, NOT APPEALABLE TO COURT OF APPEALS — CONSTITUTION, ART. VI, § 9 — CODE CIV. PROC., § 190. An order of the Appellate Division of the Supreme Court, affirming an order of Special Term directing the permanent receiver of an insolvent domestic corporation, appointed by a final judgment in an action brought by the attorney-general for the dissolution of the corporation, to pay, out of the fund in his hands, the claim of a creditor of the corporation (as, *e. g.*, a judgment recovered by the receiver of a decedent's estate against the corporation through its receiver), made upon an application by the creditor in the action for dissolution, is not an order finally determining an action or special proceeding, and, hence, by force of section 9 of article VI of the Constitution and section 190 of the Code of Civil Procedure, is not appealable as of right to the Court of Appeals.

*People* v. *Am. Loan & Trust Co.*, 2 App. Div. 193, appeal dismissed.

(Argued June 8, 1896; decided October 6, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the first judicial department, made April 7, 1896, which affirmed an order of Special Term directing the receiver of the defendant trust company to pay a claim of the petitioner against the company.

In December, 1884, Charles H. Moore, who was receiver of the estate of Roswell S. Burrows, deceased, commenced an action against the defendant and another to obtain a judgment determining that he, as such receiver, was entitled to two hundred shares of the capital stock of the Niagara Falls International Bridge Company, which were in the possession of the defendant.

Judgment was rendered in favor of the defendant therein, and thereupon a stipulation was made between the parties

whereby Moore, as receiver, was to deliver to the trust company cash to the amount of the defendant's claim, with interest and costs, and the stock mentioned was to be delivered to him as such receiver, with the agreement that if the plaintiff should succeed in that action and the court should determine that he was entitled to the stock, then the cash thus deposited was to be returned to the receiver. In pursuance of that stipulation the certificates of stock were delivered to him as receiver, and he delivered to the trust company cash to the amount of $17,067.64.

In March, 1891, an action was brought in the Supreme Court by the attorney-general, in the name of the People, against the American Loan and Trust Company, and J. Edward Simmons was appointed temporary receiver therein. On the first day of May, 1891, a final judgment was entered in the latter action dissolving the trust company and appointing Simmons as permanent receiver thereof.

Simmons, as such receiver, appeared in the action commenced by Moore against the trust company, and continued the defense thereof. In December, 1893, Lorenzo Burrows was appointed receiver in the place of Moore, and was substituted as plaintiff in the action against the trust company. On the thirteenth day of April, 1895, Burrows, as such receiver, recovered a judgment in that action against Simmons, as receiver of the trust company, whereby it was adjudged that the certificates of stock in question were the property of the estate of Roswell S. Burrows; that the plaintiff therein, as receiver of that estate, was entitled to the certificates of stock formerly delivered to him, to the $17,067.64 deposited with the trust company, and to the sum of $185.44 for his costs and disbursements in that action.

Thereafter, and in or about the month of August, 1895, Burrows, as such receiver, served upon Simmons, as receiver of the trust company, a petition and notice of an application to the court in the case at bar for an order directing the receiver of the trust company to pay out of the funds in his

hands the amount claimed by Burrows, under and by virtue
of the judgment in the action of *Burrows* v. *Simmons,* in
preference to the claims of general creditors. The Special
Term thereupon made an order directing the payment of that
sum, irrespective of and in preference to the rights of other
creditors. From that order Simmons, as receiver of the trust
company, appealed to the Appellate Division of the first depart-
ment, and the order of the Special Term was affirmed by that
court April 7th, 1896. From the order of the Appellate
Division affirming the order of the Special Term Simmons, as
such receiver, appealed to this court. When the appeal came
on for argument the question whether the order was appeal-
able was presented, and the counsel for the respective parties
have submitted briefs thereon.

*David Willcox* for appellant. The order below was a final
determination. (*King* v. *Platt,* 3 Abb. [N. S.] 174; *Pro-
duce Bank* v. *Morton,* 67 N. Y. 199; *Moulton* v. *Cornish,*
138 N. Y. 133; U. S. R. S. § 692; *Comrs.* v. *Lucas,* 93 U.
S. 108; *In re F. L. & T. Co.,* 129 U. S. 206; *Savannah* v.
*Jesup,* 106 U. S. 563; *Williams* v. *Morgan,* 111 U. S. 684;
*Gumbel* v. *Pitkin,* 113 U. S. 545; *Central Trust Co.* v. *G.
L. Works,* 135 U. S. 207.) The order determined a special
proceeding. (*People* v. *Am. St. Boiler Ins. Co.,* 3 App. Div.
504; *In re N. Y., L. & W. R. Co.,* 99 N. Y. 12; *Libbey* v.
*Mason,* 112 N. Y. 525; *People* v. *City Bank of R.,* 96 N.
Y. 32; *Spelman* v. *Terry,* 74 N. Y. 448; *Roe* v. *Boyle,* 81
N. Y. 305; *Mowry* v. *Peet,* 88 N. Y. 453; *Denise* v. *Denise,*
110 N. Y. 562; *Hallock* v. *Bacon,* 64 Hun, 90; *In re Thorn,*
10 Daly, 71.)

*John Cunneen* for respondent. This appeal will not lie,
because the order is not one " finally determining an action or
special proceeding," within the meaning of section 9 of article
6 of the Constitution of this state, and section 190, subdivision
1, of the Code of Civil Procedure. (Code Civ. Proc. §§ 3333,
3334; *In re Jetter,* 78 N. Y. 605.)

MARTIN, J.   The primary question involved relates to the appealability of the order which the appellant seeks to have reviewed.   The Constitution of this state, as amended in 1894, provides: " Appeals may be taken as of right to said court (the Court of Appeals) only from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court finally determining actions or special proceedings." (Constitution of New York, § IX, art. VI.)   The legislature in 1895, with a view of conforming the statutes upon the subject to the provisions of the amended Constitution, amended section 190 of the Code of Civil Procedure so as to read: " From and after the last day of December, eighteen hundred and ninety-five, the jurisdiction of the Court of Appeals shall, in civil actions and proceedings, be confined to the review upon appeal of the actual determination made by the Appellate Division of the Supreme Court in either of the following cases, and no others: 1. Appeals may be taken as of right to said court, from judgments or orders finally determining actions or special proceedings."

The contention of the appellant is, that the order from which this appeal was taken was a final determination in a special proceeding, and, hence, was appealable.   If the order was in a special proceeding within the meaning and intention of the statute and constitutional provision referred to, it might, perhaps, be held that the order was a final determination of that proceeding.   But the important and more difficult question is whether the order was in a special proceeding.

Title two of chapter fifteen of the Code of Civil Procedure pertains to actions relating to a corporation.   The first article pertains to actions against a corporation to recover damages or property; article two, to judicial supervision of a corporation and of the officers and members thereof; and article three, to actions to procure the dissolution of a corporation, and to enforce the individual liability of the officers or members of a corporation, with or without a dissolution thereof.   Article four provides for actions by the people to annul a corporation, and article five contains provisions applicable to two or more actions specified in that title.

Section 1784 provides for an action by a judgment creditor for the sequestration of the property of a corporation, and for the distribution thereof, as prescribed in section 1793. Section 1785 specifies the circumstances under which an action to dissolve a corporation may be brought. Section 1786 provides that such an action may be maintained by the attorney-general, in the name and in behalf of the people; section 1788, that a receiver may be appointed at any stage of such an action, and defines the duties and powers of a temporary receiver and also of a permanent receiver; section 1793, that a final judgment in such an action must provide for a fair and just distribution of the property of the corporation among its fair and honest creditors, in the order and in the proportions prescribed by law, in case of a voluntary dissolution; section 1798, that the attorney-general, upon leave by the court, may bring an action to vacate the charter or annul the existence of the corporation, and states the grounds upon which it may be maintained; section 1801, for judgment in such an action, and that it must provide for the appointment of a receiver, the taking of an account, and the distribution of the property of the corporation among its creditors and stockholders; and section 1807, that: " In such an action the court may, at any stage of the action, before or after final judgment, make an order requiring all the creditors of the corporation to exhibit and prove their claims, and thereby make themselves parties to the action, in such a manner and in such a reasonable time, not less than six months from the first publication of notice of the order, as the court directs; and that the creditors, who make default in so doing, shall be precluded from all benefit of the judgment, and from any distribution which may be made thereunder, except as hereinafter provided."

The provisions of articles three, four and five of the Code of Civil Procedure were practically a re-enactment of certain provisions of the Revised Statutes and subsequent laws relating to this subject. The provisions of the Code, when taken together with such of the former statutes as are not repealed, constitute a complete plan for the dissolution of a corporation,

the division of its assets among its creditors and stockholders, and provide the procedure to be adopted in an action for that purpose. As we have seen, the statute requires all the creditors of the corporation to exhibit and prove their claims, and thereby make themselves parties to the action. Thus, when a creditor proves his claim, he thereby becomes a party to the action and establishes his claim therein. The proof and determination as to the validity of the claims of creditors is one of the objects of such an action, and is a part of the procedure therein.

In *Rinn* v. *Astor Fire Ins. Co.* (59 N. Y. 143, 147), after examining the provisions of the Revised Statutes upon this subject, which were in all essential particulars like the provisions of the Code and statutes now in force, ANDREWS, J., said : " It plainly appears, from the provisions of the statute to which we have referred, that the right of any person, claiming to be a creditor of the corporation, to share in the distribution of its effects, in the hands of a receiver, appointed under article two, is to be ascertained and determined in the action or proceeding in which the appointment is made. The receiver, although he may be appointed in a suit brought by a single creditor or stockholder, takes the whole estate of the insolvent corporation for the benefit of all its creditors, and, before distribution is made, opportunity is to be given to creditors, not parties to the action in the first instance, to come in and make themselves parties to it, by the exhibition of their claims, and it is only when they make themselves parties that they can have the benefit of the decree." The principle of this decision is also recognized in *Smith* v. *Danzig* (3 N. Y. Civ. Pro. Rep. 127) and in *Attorney-General* v. *North American Life Ins. Co.* (6 Abb. N. C. 293), where it was held that when a proceeding is pending for the dissolution of a corporation the remedy of every creditor is in that proceeding only.

Assuming then that the respondent became a party to this action and proved his claim therein, we are led to inquire how the making of such proof can be regarded as a special proceed-

ing within the meaning of the Constitution and statute. The Code defines an action to be " an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense " (§ 3333), and that, " Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding." (§ 3334.) Thus it appears that remedies for the enforcement of rights are divided into two classes, viz., actions and special proceedings. Each has its peculiar and distinguishing characteristics. Where an action is the appropriate remedy, it does not include a special proceeding, unless by express provision of law. A prosecution for the enforcement of a right must be either by action or special proceeding. In certain cases the prosecution may be by either, but cannot be by both. To constitute a special proceeding, the original prosecution must be commenced thereby and not commenced by action. When a prosecution is begun by action, the subsequent proceedings therein must be regarded as in and incidental to the action, and not as independent and original proceedings. In this case the prosecution was by an action to which the respondent became a party. It was by virtue of the pendency of this action that he was authorized to appear therein and apply to the court for an order directing the payment of his claim. If no action had been pending, no such order could have been made. The order was a mere incident or step in the progress of the action to secure its ultimate purpose. At its commencement the court acquired jurisdiction to take the property in the possession of the trust company under its control, and to appoint a receiver for its preservation and the distribution thereof among its creditors and stockholders as the court should direct. After the dissolution of the corporation, the chief purpose of this action was to distribute the corporate assets among the creditors or parties to whom they belonged. To accomplish that purpose, it was necessary that the creditors should appear, become parties to the action, make proof of their claims, and thus enable the court to determine the persons among whom the

assets in its hands should be distributed. This proceeding was neither collateral nor supplemental to the action. It was not only in the action, but it was a necessary proceeding therein to accomplish its main purpose.

If the contention of the appellant should prevail, the result would be that an action to dissolve a corporation and distribute its property among the parties entitled to it, after the corporation was dissolved, would, instead of being continued to a final termination, be resolved into any number of independent and intermediate special proceedings, in each of which an appeal might be taken to this court. We cannot think that such was the intent of the statute. The manifest purpose of the amendments to the Constitution and Code of Civil Procedure was to limit the right of appeal to this court. The language employed should be construed with that purpose in view. If it were held that each interlocutory order establishing the amount of the claim of each of the creditors of a corporation is a final order in a special proceeding, and hence, appealable, the purpose of these amendments would not be accomplished.

A final order which is appealable as such must be an adjudication upon a motion or other application completely disposing of the subject-matter and rights of the parties, and must be such as determines the action and prevents a judgment. (2 Encyclo. of Pleading and Practice, 72.) In *Hobbs* v. *Beckwith* (6 Ohio St. 252, 254) it was said : " An order in the progress of a suit, and before judgment, to be final and lay the foundation for a petition in error, must be such as determines the action and prevents the judgment." The same doctrine was held and substantially the same language was employed in the opinion in *Harman* v. *Barhydt* (20 Neb. 625, 630).

The case of *People* v. *City Bank of Rochester* (96 N. Y. 32) involved no question as to the appealability of the order there under review. Indeed, none could have arisen, for as section 190 of the Code of Civil Procedure then stood, the order was clearly appealable. The only question decided in

that case, which could by any possibility bear upon that under consideration, related to the question of costs, which was a mere incident of the appeal. It is true that in deciding it the court said that the order was in a special proceeding, but it is manifest that the question did not receive the consideration it would if it had involved the merits of the case or the right of appeal. In that case the question, whether the order was a final one in a special proceeding, was not discussed, nor was any authority cited bearing upon it. So far as the decision in that case is in conflict with the views already expressed, we are not disposed to follow it.

Nor do we think the case of *Byrnes* v. *Labagh* (12 N. Y. Civ. Pro. Rep. 417) in any way aids the contention of the appellant. In that case a person, not a party to the action, sought to establish the lien of two mortgages held by him against the shares of two of the owners in the proceeds of a sale of real property in partition, and the court held that as the person making the motion was not a party to the action, it was not a motion in the action, but a special proceeding, clearly intimating, however, it would have been otherwise if the mortgagee had been a party. Here the appellant was a party.

We are of the opinion that the order appealed from was not a final order determining an action or a special proceeding within the intent and meaning of the Constitution and statutes, but was an intermediate order in the action and not appealable to this court.

The appeal should be dismissed, with costs.

ANDREWS, Ch. J., GRAY and VANN, JJ., concur; O'BRIEN, BARTLETT and HAIGHT, JJ., dissent on the ground that petitioner is not a general creditor, and that the order appealed from is final in a special proceeding (*People* v. *City Bank of Rochester*, 96 N. Y. 32), and the appeal should be entertained and argument heard on the merits.

Appeal dismissed.