New York Security and Trust Company, Respondent, *v.* Saratoga Gas and Electric Light Company et al., Appellants.

Appeal — Orders Determining Scope of Mortgage Lien.   Orders of the Appellate Division, reversing orders of the Special Term, made upon a motion to determine whether the fund in question was covered by the lien of a corporation mortgage then being foreclosed by an action in which a sequestration receiver and a foreclosure receiver had been appointed, settling the account of the foreclosure receiver and refusing to direct the attorney for the sequestration receiver to pay over to the former money in his hands, are not final orders in a special proceeding, but are orders in the foreclosure action, and therefore not appealable to the Court of Appeals as matter of right.

*N. Y. S. & T. Co.* v. *Saratoga Gas & El. L. Co.*, 30 App. Div. 89, appeal dismissed.

(Argued June 7, 1898; decided October 4, 1898.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, made May 4, 1898, reversing that part of an order of a Special Term which allowed and approved the payment by the mortgage receiver to E. W. Paige, attorney for the sequestration receiver, of the sum of $4,770.22, and overruled the exceptions of the plaintiff to such payment; and also from an order made May 4, 1898, reversing an order which denied the plaintiff's motion for an order directing Paige to pay to the plaintiff $4,770.22, and granted the plaintiff's motion for repayment to it by Mr. Paige of the sum of $3,564.04.

The first Special Term order was entitled in this action, with the words " In the Matter of the Final Accounting of

'Lafayette B. Gleason, as Receiver," added. The other Special Term order was entitled in this action, containing the words, "In the Matter of the Final Accounting of Lafayette B. Gleason, as Receiver," and also "On the Application of Lafayette B. Gleason, as Receiver, and the New York Security and Trust Company, as plaintiff, to compel Edward Winslow Paige, an attorney of this court, representing the defendant, William V. Reynolds, as Receiver, now deceased, to repay $4,770.22, received by Paige, to Gleason, as Receiver, or to the plaintiff."

The record discloses that in March, 1897, a notice of motion was served upon Mr. Paige for an order directing him, as an attorney of this court and representing William V. Reynolds as sequestration receiver, one of the defendants herein, to repay to the plaintiff, or Gleason as mortgage receiver, the sum mentioned, which was received by Mr. Paige from Gleason as such receiver. This notice was entitled the same as the last-mentioned order. The motion was noticed for a Special Term to be held before Mr. Justice McLaughlin in the village of Port Henry on Monday, March 15, 1897. Upon the notice of motion there was indorsed a consent by Mr. Paige that the hearing and decision of that application should be had before Hon. Judson S. Landon at his chambers on the twenty-seventh of March, 1897.

In one of the affidavits read upon the motions it appeared that an application had been previously made to Mr. Justice Stover for an order directing Reynolds, as receiver, or Mr. Paige, as his attorney, to return the amount mentioned, and that Mr. Justice Stover handed down a memorandum stating that the better course would be to leave the question until the final accounting of the receiver. He, therefore, denied the motion, without prejudice to a renewal upon the final accounting.

A notice of motion was also served for an order to discharge the receiver, for the appointment of a referee to take and state his account and to vacate his bond, to be heard at a term to be held at Port Henry on the fifteenth of March, 1897.

The parties, however, consented to the hearing and decision of that motion by Mr. Justice Landon at his chambers on March twenty-seventh.

The plaintiff also gave notice that it renewed its exceptions to the report of the receiver, and that they would be brought on to be heard at the same time with the hearing of the motion by the plaintiff to compel Mr. Paige to repay the sum of money mentioned, upon the papers on which that motion was to be heard. This motion was also stipulated to be heard before Mr. Justice Landon on the twenty-seventh of March, 1897. All these motions were heard together at that time.

Upon that day, the court, after reading and filing the affidavits and papers upon which all these motions were made, entered two orders. By the first order the court overruled the exceptions of the plaintiff to the accounts of Gleason as receiver, and in all respects approved and stated his accounts according to his reports which had been filed, discharged such receiver from any further duty as such, and vacated and canceled his bond. There were other provisions in that order which need not be mentioned as no appeal is taken from them. By the second order the court denied the plaintiff's motion to require Mr. Paige, as an attorney of the court and representing the sequestration receiver herein, to pay to Gleason, as mortgage receiver, the amount already mentioned. From those two orders an appeal was taken to the Appellate Division, where they were reversed, and the plaintiff's application for repayment was granted to the extent of $3,564.04. These proceedings and orders were entitled in the action for the foreclosure of the mortgage given by the defendants to the plaintiff as trustee. The orders and proceedings relating to the accounting of the mortgage receiver had the added words to which reference has been made.

While there appears to be some confusion in the title of the various papers used upon the motions in this case, it is quite manifest that they were all made in this action, which was to foreclose the mortgage and in which Gleason was appointed receiver.

*Edward Winslow Paige* for appellants. The mortgage gave to the mortgagee no interest in these debts as against an attaching creditor — or a creditor having a judgment, execution and creditor's bill. (*Rochester Dis. Co.* v. *Rasey*, 142 N. Y. 570; *Otis* v. *Sill*, 8 Barb. 102.) The appointment of a sequestration receiver is equivalent to there being a creditor with judgment, execution and creditor's bill. (*U. S. Trust Co.* v. *N. Y., W. S. & B. R. Co.*, 101 N. Y. 478; *Reynolds* v. *Ellis*, 103 N. Y. 115, 123; *Southard* v. *Benner*, 72 N. Y. 424.)

*Howard A. Taylor* for respondent. These appeals should be dismissed for lack of jurisdiction of the Court of Appeals. (*People* v. *Am. L. & T. Co.*, 150 N. Y. 117; *Merriam* v. *W. & P. L. Co.*, 155 N. Y. 136; *Jewelers' Merc. Agency* v. *Rothschild*, 155 N. Y. 255; *Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Attorney-General*, 155 N. Y. 441.)

Martin, J. The first question presented is whether the appeals herein should be dismissed. The respondent contends that the orders from which they were taken were in the action, and, hence, not appealable to the Court of Appeals. The appeal to this court was taken as a matter of right and not by the permission of the court below. Therefore, unless the orders appealed from were final orders in a special proceeding, it is obvious that we have no jurisdiction to review them. Such an appeal is prohibited both by the Constitution and the Code of Civil Procedure. (Const. art. 6, § 9; Code, § 190.)

Thus, the single question presented upon this branch of the case is whether the orders of the Appellate Division, reversing the orders of the Special Term settling the account of the foreclosure receiver and refusing to direct the attorney for the sequestration receiver to pay over to the former the money in his hands, were final orders in a special proceeding. It seems to us they were not, but that they were intermediate orders in the action.

The orders of the Special Term were granted upon motions

entitled in this action, and related solely to a fund which came into the hands of the mortgage receiver. He was an officer of the court appointed in this action. If at all, it was by virtue of that appointment that he became entitled to the fund in dispute. The action was foreclosure, and its purpose was to sell all the mortgaged property and apply the avails to the payment of the mortgage debt. Whether the mortgage was a lien upon the property from which the fund in question arose was directly involved in the action. That question was presented to and determined by the court as a motion therein. No objection was made to the manner in which it was presented, so that, confessedly, the procedure by motion was proper. As the extent of the mortgage lien was involved in the suit, and was determined upon a motion therein, it must be regarded as a motion in the action, and not as a special proceeding. The determination of that issue was necessary to a complete determination of the action. It was as essential to determine what property was covered by the mortgage, as it was to ascertain the amount due. Had a motion been made to ascertain the amount due, and had the court, on such motion, ascertained and stated it in an order, it would not be claimed that the order was in a special proceeding, or that it was final. Obviously, such an application could be regarded only as a motion in the action. It is equally manifest that the application to the court to determine whether the property in question was a part of the mortgaged property was merely an application in the action, and that the order granted in pursuance of it cannot be properly regarded as a final order in a special proceeding.

In *People* v. *American Loan & Trust Co.* (150 N. Y. 117) this court held that an order of the Appellate Division, affirming an order of the Special Term directing the receiver of an insolvent corporation, apppointed in an action for its dissolution, to pay out of the funds in his hands the claim of a certain creditor, was not an order determining a special proceeding, but was an order in the action and was not appealable as of right to this court. The same doctrine was held in

*People* v. *St. Nicholas Bank* (150 N. Y. 563). In *Merriam* v. *Wood & Parker Lithographing Co.* (155 N. Y. 136), which was an application by an assignee for restitution of money paid upon the debt of an attachment creditor, where upon appeal to this court the attachment was set aside, it was said that an order granted by the Appellate Division awarding restitution which was entitled and made in the action, was simply a motion or application in the action incidental to it, and not in any just sense a distinct or independent proceeding. In *Jewelers' Mercantile Agency* v. *Rothschild* (155 N. Y. 255) it was held that an appeal could not be taken to this court from an order, unless it finally determined a special proceeding, and that an order punishing the defendant for contempt in failing to pay a judgment was an order in the action and not in a special proceeding. The last part of this decision was based upon the provisions of the Code. In *Van Arsdale* v. *King* (155 N. Y. 325) this court decided that the provisions of section 190 of the Code of Civil Procedure allowing appeals as of right to the Court of Appeals from judgments or orders finally determining actions or special proceedings, refer only to final judgments in actions and final orders in special proceedings, and that under that section an appeal cannot be taken to the Court of Appeals from an order in an action, although it is one which ends the litigation. *In Matter of Attorney-General* (155 N. Y. 441) this court determined that an order for the examination of a witness, before the commencement of an action under a special statute, was not a special proceeding, and, hence, that the order of the Appellate Division, vacating an order for such an examination, was not an order finally determining a special proceeding, and was not appealable to the Court of Appeals.

The principle of these cases seems to be decisive of this question, and is adverse to the contention of the appellants that the orders are appealable.

The appeal should be dismissed, with costs.

All concur, except O'Brien, J., not voting.

*Appeal dismissed.*