HEINZE et al. v. BUTTE & BOSTON CONSOLIDATED MIN. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1904.)

Nos. 958, 966.

1. APPEAL—INTERLOCUTORY ORDERS MADE IN RECEIVERSHIP.
    Neither an order of a Circuit Court approving monthly reports of a receiver, nor one directing him to pay expenses incurred by him, made before the coming in of his final account, is a final order, appealable to the Circuit Court of Appeals; both being clearly interlocutory orders, directly and not collaterally connected with the receivership, and subject to review on final settlement of the receiver's account.

Appeals from the Circuit Court of the United States for the District of Montana.

On motions to dismiss appeals.

John J. McHatton, James M. Denny, and John W. Cotter, for appellants.

John F. Forbis and L. O. Evans, for Butte & Boston Consolidated Min. Co.

H. J. Burleigh, for John S. Harris, receiver.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Two appeals are here presented: An appeal from the order of the Circuit Court directing the receiver, in a suit for partition, to pay to his attorney the sum of $350, as his com-

¶ 1. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379.

pensation for professional services rendered by him, and his expenses incurred in representing the receiver before this court on the application made by the appellants for a writ of supersedeas or order to stay the orders whereby the Circuit Court had appointed the receiver, and had thereafter extended the receivership over the whole of the mining property involved in the suit, with directions to operate the same; and an appeal from the order of said Circuit Court made on November 10, 1902, allowing and confirming eight monthly reports of said receiver, said monthly reports being numbered 23 to 30 inclusive. Motions are made to dismiss these appeals on the ground that the orders therein referred to were not final, and are therefore not appealable.

The appellants concede the general rule to be that no appeal may be taken to this court from an interlocutory order unless the order is expressly made appealable by statute, but they contend that the orders appealed from are not interlocutory, but final, for the reason that they make final disposition of a portion of the funds in the hands of the receiver—funds which are a portion of the subject of the controversy between the parties to the partition suit.

It is true that the Supreme Court has recognized an exception to the general rule that an order made before the final disposition of a cause, and before the final account of a receiver is filed, is not appealable, in the case of Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157. That was an appeal from an order directing that the complainant in the suit be paid out of the fund in the receiver's hands the costs, expenses, and counsel fees incurred by him in a suit which he had brought against the trustees of bonds issued by a corporation and secured by a trust fund, to secure the due application of the trust fund and prevent the waste thereof, the result of which suit was to bring the fund under the control of the court for the common benefit of all the bondholders. The expenses and fees were not incurred by the receivership, but preliminary thereto, and in preserving the trust fund from waste. The court, not without apparent hesitation, sustained the appeal, on the ground that the order was a final decision in a collateral matter. Said the court, "Though incidental to the cause, the inquiry was a collateral one, having a distinct and independent character, and received a final decision." That ruling was followed in Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Williams v. Morgan, 111 U. S. 684, 699, 4 Sup. Ct. 638, 28 L. Ed. 559; Tuttle v. Claflin, 88 Fed. 122, 31 C. C. A. 419; and Grant v. Los Angeles, etc., Ry. Co., 116 Cal. 71, 47 Pac. 872. But we find no decision holding that an appeal may be taken from an interlocutory order confirming a receiver's report, or directing the receiver to pay expenses incurred by him, before the coming in of his final account, except the decision of the Supreme Court of North Carolina in Battery Park Bank v. Western Carolina Bank, 36 S. E. 39, where the appeal was sustained, not upon any recognized principle applying to appeals from interlocutory orders, but upon the ground that such an order is in effect a final appropriation of a part of the assets, and "no harm can come to any one interested in the suit by regarding it as final." It is true that it is generally held that an order confirming the final account of a receiver is appealable, notwithstanding that no final disposition may have then been made of the suit wherein

the receiver was appointed.   Hinckley v. Railroad Co., 94 U. S. 467, 24 L. Ed. 166; State v. District Court (Mont.) 72 Pac. 613.   But the right to appeal, even from such an order made prior to the final disposition of the action, has been denied in New York, where, owing to the language of the Code of Civil Procedure of that state, which allowed appeals from judgments or orders "finally determining actions or special proceedings," it was held that an order confirming the final account of a receiver was neither an order made in a special proceeding, nor a judgment finally determining an action.   People v. Am. L. & T. Co., 150 N. Y. 117, 44 N. E. 949; N. Y. Security  & T. Co. v. Saratoga Gas & Elec. Co., 156 N. Y. 645, 51 N. E. 297.   In California, where the statute allowed appeal from a final judgment, it was held, in a suit for the dissolution of a partnership, that an order made upon objections and a hearing approving the final account of the receiver, after the plaintiff had filed written notice of his abandonment of the suit, but before the entry of a judgment of dismissal, was not appealable, for the reason that it was an order made before judgment.   Rochat v. Gee, 91 Cal. 355, 27 Pac. 670.   And in Illinois Trust & Savings Bank v. Railroad Co., 99 Cal. 407, 33 Pac. 1132, where an appeal was taken from an interlocutory order in a foreclosure suit, made after notice and a hearing, making the indebtedness contracted by the receiver in another suit a paramount lien on the funds in his hands, and directing its payment out of the proceeds of the foreclosure sale, the appeal was dismissed for the reason that it was not a final judgment.   In that case the court, after referring to the protection to all parties afforded by the personal liability of the receiver and the sureties on his official bond, said:

"To enforce this liability, the court may compel the receiver to account for the funds that have come into his hands, and the order settling his account is reviewable in this court, on appeal from the judgment if made before judgment, or on appeal from the order if made after judgment."

In Free Gold Mining Co. v. Spiers, 135 Cal. 130, 67 Pac. 61, it was held that an order directing the receiver of a mining property to purchase a cyanide tailings plant in order to work a large body of valuable tailings belonging to the property was not appealable.

The order approving the receiver's monthly accounts, which is the subject of one of the appeals now under consideration, was not an order made upon a matter collateral to the partition suit or to the receivership of the fund in controversy, nor do we think it was a final judgment.   The receiver, being an officer of the court appointed to preserve and manage the property which was the subject of the suit, in accordance with his duty as such officer, filed his monthly accounts for the purpose of informing the parties litigant and the court of his management of the property and his receipts and disbursements of the fund, and for the further purpose of obtaining the sanction of the court therefor, as well as for the allowance of his monthly compensation.   Upon the report so filed an order was obtained expressing the judgment of the court upon the matters so presented.   Such an order made during the progress of the receivership, and before the final account is, we think, clearly interlocutory.   If such an order be held appealable, it follows that every order directing the action of the

receiver in the disbursement of any portion of the funds in his hands, and each order approving his monthly accounts, may be made the subject of an appeal, and the matters involved in the receivership may be brought into this court piecemeal. In a receivership such as this, extending over a long period of time, such a rule would involve burdensome litigation. The order herein appealed from involves the approval of eight monthly reports. It has been followed by two later appeals which are now pending in this court—an appeal from the order made February 27, 1903, approving the 31st, 32d, 33d, and 34th monthly reports, and an appeal from the order of March 18, 1903, approving the 35th and 36th monthly reports. It would doubtless be succeeded by other appeals if the present appeal were sustained. All the matters involved in the monthly reports may be reviewed by the Circuit Court on presentation of the receiver's final account. That court still retains and may then exercise the power to consider the whole subject of the receivership, and may make such final order concerning the same as shall seem just and reasonable in the light of the facts that shall then have been disclosed. From such an order either party may appeal, and thereupon may review the same, as well as all the interlocutory orders approving the monthly accounts. The act of Congress creating the Circuit Courts of Appeals confers upon this court appellate jurisdiction to review by appeal or writ of error "final decision" in the Circuit and District Courts in the classes of cases to which its appellate jurisdiction extends. "If the judgment is not one that disposes of the whole case on its merits, it is not final." Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73. The foregoing considerations apply also to the appeal from the order directing the payment of counsel fees by the receiver. That was an order made in the receivership, and concerning the conduct of the receiver. We are unable to see that it stands on different ground from the other appeal. It is true that, if the money be paid to the receiver's attorney under the order of court, it is a final disposition of the sum so paid. But the court thereafter still had the receiver's account under its control. If the sum so paid were improperly disbursed, the error in its payment may be reviewed in adjusting the receiver's final account. It was not paid in a matter collateral to the suit or to the subject-matter thereof, but in a matter relating solely to the receivership. The argument that the money so paid is a final disposition of so much of the funds in the receiver's hands applies with equal force to any item of the current expense account of the receiver. In each case the money paid is a final payment out of the fund in the receiver's hands. But the liability of the receiver and that of his bondsmen will stand for protection to the parties to whom the fund in controversy rightfully belongs, and that protection may be made available on adjustment of the final account of the receiver, or on appeal from the order allowing the same.

Both appeals will be dismissed.