In the Matter of Supplementary Proceedings in Action of BENJAMIN STEINMAN et al., Judgment Creditors, Respondents, *v.* EVA K. CONLON, Judgment Debtor, Appellant.

Appeal — contempt — order punishing party for contempt in supplementary proceedings is not an order finally determining a special proceeding and is not appealable to the Court of Appeals as a matter of right.

1. Proceedings to punish a party for contempt are to be regarded as a step incidental to and taken in a supplementary proceeding and not as an independent special proceeding.

2. A special proceeding may be said to be finally determined when an order has been made dismissing it or adjudicating the rights of the various parties to the relief sought, hence an order punishing a party thereto for a contempt is not one "finally determining" a supplementary proceeding, and, therefore, is not appealable as a matter of right to this court.

*Matter of Steinman* v. *Conlon*, 154 App. Div. 893, appeal dismissed.

(Argued February 28, 1913; decided April 22, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1912, which affirmed an order of Special Term adjudging the appellant in contempt and imposing a fine. Appellant also gives notice of her intention to bring up for review a so-called intermediate order refusing to set aside the basic order in the proceedings requiring her to appear and be examined.

The facts, so far as material, are stated in the opinion.

*Bertha Rembaugh* for appellant. While a motion to punish for contempt, begun by the order to show cause, is an order in the special proceeding under the Judiciary Law, section 761, yet it is a final order in many cases and is then appealable to this court. (*Sudlow* v. *Knox*,

7 Abb. [N. S.] 411; *Erie R. R. Co.* v. *Ramsey,* 45 N. Y. 637; *Brinkley* v. *Brinkley,* 47 N. Y. 40; *Matter of Depue,* 185 N. Y. 60; *People ex rel. Grant* v. *Warner,* 51 Hun, 53; 125 N. Y. 726; *Moschell* v. *Boor,* 66 Hun, 559; *Matter of Strong* v. *Randall,* 177 N. Y. 400.)

*David Steckler* and *Alexander Rosenthal* for respondents. The order appealed from is not a final order and, therefore, is not reviewable. (*Ray* v. *N. Y. Bay Extension R. R. Co.,* 155 N. Y. 102; *Jewelers' Mer. Agency* v. *Rothschild,* 155 N. Y. 255; *N. Y. Security Co.* v. *Saratoga G. & El. L. Co.,* 156 N. Y. 645; *Douglas* v. *Halstead,* 161 N. Y. 621; *Matter of Simonson,* 164 N. Y. 571; *Clark* v. *Clark,* 195 N. Y. 612; *State Bank* v. *Wilchinsky,* 64 Misc. Rep. 476.)

HISCOCK, J. The respondents procured from one of the justices of the Supreme Court in the city of New York an order in supplementary proceedings directing the appellant to appear for examination on August 7, 1912, and on such other days as the justice making said order or one of the justices of said court or the referee duly appointed should name, and this was personally served upon her.

At the time when said order was granted four similar orders had been made requiring the appellant to appear and be examined at dates respectively specified in said orders, but no service of any of said orders had been obtained, or steps taken thereunder, and the dates severally specified for examination had been passed when the order here involved was made.

The order and affidavit on which said order was based were not folioed, and within twenty-four hours after service of the order and copy of affidavit the same were returned with the proper specification of failure to folio as a reason for such return.

Subsequently an order was obtained by appellant

requiring respondents to show cause August 12, 1912, why said order in supplementary proceedings should not be vacated and set aside because of the granting of said prior unserved orders and because of said failure to folio, and in said order to show cause was a provision staying proceedings under the order for examination.

On the return of said order to show cause, the motion thereby brought on to vacate the order requiring appellant to appear and be examined was denied; three of the prior orders which had not been served were severally vacated and set aside *nunc pro tunc* and the appellant, in accordance with the terms of the order which she had unsuccessfully sought to have set aside, was ordered and required to appear for examination at a place specified on August 26, 1912, and which examination was subsequently adjourned to a later date. The appellant failing to appear and be examined, the order now appealed from was made adjudging her guilty of contempt and imposing a fine of $250 as the result of.a motion brought on by an order to show cause.

None of the orders except the original one requiring her to appear and be examined were served on the appellant personally, but all of the others were served on her attorney, and such attorney appeared for her at the date September 3, 1912, last fixed for her examination, and at which time her default was taken and the basis laid for the order in contempt proceedings, and also upon the motion to punish her for contempt.

Out of this rather long and complex chapter of attempts by respondents to procure an examination of appellant, and by the latter to escape therefrom, have arisen several questions now urged upon us for decision. In view, however, of the conclusion reached by us concerning the first and most important one whether the order punishing appellant for contempt is an order finally determining a special proceeding and, therefore, appealable as a matter of right and without permission to this

court, it will not be necessary or proper for us to pass upon the others.

In the determination of this fundamental question we are preliminarily led to inquire whether the proceeding to punish appellant for contempt is to be regarded as a step incidental to and taken in the supplementary proceedings or as a special proceeding of and by itself, for if the latter be its status there might be much reason for regarding the order punishing for contempt as a final one. This preliminary question is not free from an apparent conflict of authorities.

Such authorities, however, as *Sudlow* v. *Knox* (7 Abb. [N. S.] 411) and *Erie Ry. Co.* v. *Ramsey* (45 N. Y. 637), holding that contempt proceedings are independent special proceedings, may be distinguished because of the subsequent adoption of section 2273 of the Code of Civil Procedure (now Judiciary Law, Cons. Laws, ch. 29, sections 760, 761), which provides as follows: "An order to show cause may be made, either before or after the final judgment in the action, or the final order in the special proceeding. It is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein."

And of the later cases decided since the adoption of this provision and holding that a proceeding to punish for contempt is to be regarded as an independent special proceeding and now cited (*Matter of Strong* v. *Randall*, 177 N. Y. 400; *Matter of Depue*, 185 N. Y. 60; *Matter of King* v. *Ashley*, 179 N. Y. 281), two may be clearly distinguished from the present one by the fact that the contempt proceeding then under review was directed against one who was merely a witness in, and thus a stranger rather than a party to, the primary special proceeding or action, and the decision in the remaining case undoubtedly proceeded on that theory.

The view that this proceeding is to be regarded as

taken in the special proceeding to which it relates and in which it was entitled, and not as an independent special proceeding, is amply sustained. (*Jewelers' Merc. Agency* v. *Jewelers' Weekly Pub. Co.*, 155 N. Y. 241; *Ray* v. *N. Y. Bay Ex. R. R. Co.*, 155 N. Y. 102; *Douglass* v. *Halstead*, 161 N. Y. 621; *Clark* v. *Clark*, 195 N. Y. 612; *N. Y. Security & Trust Co.* v. *Saratoga Gas & E. L. Co.*, 156 N. Y. 645; Code of Civ. Pro. § 2273.)

Treating the application to punish appellant for contempt as one made in the supplementary proceedings, as I think we must, it seems to follow that the order is not one "finally determining" those proceedings.

By and in such proceedings respondents were entitled to relief of various kinds. They not only might examine the appellant but also third parties appearing to have property belonging to her, and witnesses; the payment or delivery of property found in the possession of a third party belonging to the judgment debtor might be compelled and finally if property was discovered a receiver might be appointed. While there doubtless might be an abandonment and thereby practical termination of the proceedings, no such condition appears, and they could only be regularly discontinued or dismissed by an order to that effect and which was not made. (Code, section 2454; *Matter of Rothschild* v. *Gould*, 84 App. Div. 196.)

The right of respondents to take the other steps incident to said proceedings, if otherwise proper, and the right to examine appellant herself were not satisfied and could not be terminated by her refusal to comply with the order of the court and appear and be examined. A contrary view certainly would allow a party to take advantage of his own wrong. And if such failure to appear and be examined did not terminate respondents' rights, they were not terminated by reason of the additional fact that the court punished her for her contemptuous conduct. The order punishing her was a step incidental to the supple-

mentary proceedings taken for the purpose of making them effective and it did not in any manner finally dispose of respondents' rights therein or terminate said proceedings.

A final order in an action has been defined as "an adjudication upon a motion or other application completely disposing of the subject-matter and rights of the parties, and must be such as determines the action and prevents a judgment." (*People* v. *American Loan & Trust Co.*, 150 N. Y. 117, 124.) It has been held that an action is determined within the meaning of the Code only when the issues of law or fact, if any, have been tried and decided and the final judgment entered which judicially settled the controversy between the parties. (*Van Arsdale* v. *King*, 155 N. Y. 325.)

By analogy of definition, a special proceeding may be said to be finally determined when an order has been made dismissing it or adjudicating the rights of the various parties to the relief sought. The order in question did nothing of the sort and is not appealable.

The appeal should be dismissed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, CHASE, COLLIN and HOGAN, JJ., concur.

Appeal dismissed.