Page about the change, and that they wanted the farm in the spring, and that La Page called attention to the repairs, which he had made, and to the seeding, which he had done, and that Mrs. Lunan replied that they would make that right. The sum of $90 had been paid at that time. La Page remained on the farm and paid the balance for the year, in three payments of $30 each and one payment of $20. December 25, 1914, was the date of the last payment. On December 11, 1914, the sisters conferred about selling the farm. The price was fixed before that. On December 16, 1914, a notice to quit, signed by all of them, was served on La Page. At that time, plaintiff tried to sell the farm to him, but they could not agree on the price. They talked about the matter at different times. He admitted that she called upon him two or three times, but claimed that he did not tell her that he wanted to buy, that "he did not tell it that way."

There was no question for the jury, so that the finding made should be set aside, and plaintiff should have judgment.

---

## In re ONETTO.

### ONETTO v. TEUTONIA FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. December 8, 1915.)

CONTEMPT ⟨⟩~66—EXECUTION ⟨⟩~418—SUPPLEMENTAL PROCEEDINGS—FAILURE TO APPEAR FOR EXAMINATION—PROCEEDING TO PUNISH—APPEAL—STATUTES.

Code Civ. Proc. § 2433, provides that an order made in supplemental proceedings, which are special proceedings, can be reviewed only as follows: An order, made by a judge out of court, may be vacated or modified by the judge who made it, as if it was made in an action; or it, or the order of the judge vacating or modifying it, may be vacated or modified, upon motion, by the court out of which the execution issued, etc. Section 1356 gives a right of appeal to the Appellate Division from an order affecting a substantial right, made in a special proceeding, at a Special or Trial Term of the Supreme Court, or by a justice thereof in a special proceeding instituted before him. An order adjudging a judgment debtor in contempt of court for disobedience of an order in supplementary proceedings, made by a justice of the Supreme Court out of court, was appealed from to the Appellate Division. *Held*, that the appeal must be dismissed, the judgment debtor being bound by section 2433, as the order was made in the course of the supplementary proceedings, to move at Special Term to review the order; the Appellate Division being without jurisdiction to review, except upon appeal from an order made at Special Term, and section 1356 having no application to an order made in supplementary proceedings.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. ⟨⟩~66; Execution, Cent. Dig. § 1201; Dec. Dig. ⟨⟩~418.]

Appeal from Special Term, Chautauqua County.

In the matter of the examination of Ernest Onetto, judgment debtor, in proceedings supplementary to execution, upon the application of Teutonia Fire Insurance Company, judgment creditor, under a judgment recovered in an action by the judgment debtor against it. From an order by a justice of the Supreme Court, made out of court, adjudging the judgment debtor in contempt for disobedience of an order

---

⟨⟩~For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made by the justice, and for failure to obey orders and directions of
the referee, and imposing a fine upon such judgment debtor and com-
mitting him to imprisonment, he appeals. Appeal dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

Thomas H. Larkins and Francis S. Stegelske, both of Dunkirk, for
appellant.

J. Sawyer Fitch and McGuire & Wood, all of Rochester, for re-
spondent.

PER CURIAM. The order appealed from is a judge's order, and
not a court order. It is an order made in and as a part of the supple-
mentary proceedings. Matter of Steinman v. Conlon, 208 N. Y. 198,
101 N. E. 863. Section 2433 of the Code of Civil Procedure prescribes
the method of reviewing such an order as follows:

"Each of those remedies is a special proceeding. But an order, made in the
course thereof, can be reviewed only as follows: 1. An order, made by a judge,
out of court, may be vacated or modified by the judge who made it, as if it
was made in an action; or it, or the order of the judge vacating or modifying
it, may be vacated or modified, upon motion, by the court out of which the
execution was issued."

Inasmuch as the order appealed from must be held to have been
made in the course of the supplementary proceedings, we think ap-
pellant was bound to move at Special Term and thus to review the
order, and that this court is without jurisdiction to review it except
upon appeal from an order so made at Special Term. There is little
or no reason for requiring such a review at Special Term in a case like
this, where application for the order was on notice and a full hearing
of both parties had upon the testimony given before the referee as
well as upon affidavits upon both sides. Still, in view of the decision
in Matter of Steinman v. Conlon, supra, that this order is one made
in the course of the supplementary proceedings, we see no escape from
holding that section 2433 applies and prescribes the only method of
review.

Section 1356 of the Code, which gives a right of appeal to this court
"from an order, affecting a substantial right, made in a special pro-
ceeding, at a Special Term or a Trial Term of the Supreme Court, or
made by a justice thereof, in a special proceeding instituted before him,
pursuant to a special statutory provision," must be construed with sec-
tion 2433, and, as so construed, does not apply to an order made in
supplementary proceedings. The preliminary note to section 1356 of
the revisors who prepared that section states:

"This title contains only general provisions relating to appeals in special
proceedings. leaving those which apply exclusively to particular kinds of
special proceedings to be treated in connection with the other provisions upon
the same subject in chapters 16 and 17 of this Code."

Section 2433 is found in chapter 17, where special provision is made
for orders in proceedings supplementary to execution, and the method
of reviewing such orders. We conclude that appellant has mistaken

his remedy, and that he must first move at Special Term to modify or vacate the order appealed from, and that an appeal to this court can be taken only from the order of the Special Term.

The appeal is dismissed, with $10 costs and disbursements.