In the Matter of the Certification of LORETTA E. ALLEN, an Alleged Mentally Ill Person.

County Court, Schenectady County, June 22, 1955.

LIDDLE, J. One Charles H. Allen, husband of the above-alleged mentally ill person, has signed an unverified and filed with this court an " alleged petition " dated June 22, 1955. Medical examiners Eugene Davidoff and Robert Karpat have certified that the patient is mentally ill and is in need of care and treatment in an institution for the mentally ill, under the provisions of the statute. Likewise, this alleged certification is filed with the court unverified.

The application is made by and pursuant to chapter 794 of the Laws of 1955, having been approved by the Governor of the State of New York on April 28, 1955, effective April 28, 1955, under circular letter entitled State of New York, Department of Mental Hygiene, Albany, New York, dated May 3, 1955, addressed to institutions, *et cetera,* subject modification of admission procedure. This circular letter, among other things, bears the following: " amended to eliminate the requirement of notarization of the signature of the petitioner and the examining physicians."

The nature of this application is that of a " special proceeding." This is a proceeding in a court of justice by which a party prosecuting another for the enforcement or protection of a right, the redress or prosecution of a wrong or the punishment of a public offense ending in a judgment; every proceeding other than an action where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding. (*Missionary Soc. of M. E. Church* v. *Ely,* 56 Ohio St. 405; *People* v. *American Loan & Trust Co.,* 150 N. Y. 117.)

A proceeding of a nature affecting the rights and liberties of an individual is a proceeding of grave public and private importance. It may well be that the liberty of the above-alleged person may be abridged for her entire life and likewise might well affect and would affect the constitutional rights of the individual. Chapter 794 heretofore quoted, deletes from the former statutes as amended, the word " verified " throughout as referring to the person who signs or is alleged to sign the petition.

Further, subdivision 3 of section 74 deletes the words, " under oath ". Therefore it follows that the certified examining physicians are not required " under oath " to certify the mental status of the patient.

Under section 248 of the Civil Practice Act, it is required that pleadings be verified. Further, under Rules of Civil Practice, rules 99 and 100, the practice as set forth requires all pleadings be verified and must be made by affidavit by the party or those who are interested in the pleadings, *et cetera.*

These statutory directions, together with the abridgment of constitutional rights of one who is or may be subject to a special proceeding of this nature, although being allegedly insane or mentally ill at the time of the making of the application, is entitled to every substantial right and privilege which our statutes and our Constitution require.

It is therefore my firm opinion that that part of section 74 of chapter 794 and such other portions of said chapter as may refer thereto in the "verified petition" is not required or that the certified examiners need not "under oath" certify to the facts, is not only unconstitutional but if constitutional, the statutes above quoted apply.

The court therefore orders and directs that Charles H. Allen verify said petition before a duly constituted officer competent to take oaths and likewise that the examining physicians be required to certify under oath their findings.