Milton A. Wiltse, J.
Under date of May 8, 1956 a petition was presented, that was allegedly signed by Herman V. Snow, Director of the St. Lawrence State Hospital. Two physicians certified to the alleged condition of the alleged incompetent, above named.
Neither the petition, nor the certifications of the physicians, was verified or acknowledged in any manner.
The purpose of the presentation of the petition and accompanying certifications appears to be to test the validity of a recent enactment by the Legislature of the State of New York, which allows a petition, together with accompanying certifications of the physicians, to be presented to a court of record, without verification or acknowledgment or any form of oath being administered to the persons presenting such petition.
It has been held, in the case of Matter of Allen (207 Misc. 1036) decided in the Schenectady County Court, under date of June 22, 1955 an exhaustive opinion having been written by the Honorable James W. Liddle, that it is a necessity that some form of oath be administered to the petitioners and certifying physicians; that an application for commitment of an allegedly mentally ill person is in the nature of a special proceeding; that it is a proceeding in a court of justice, by which a party prosecuting another for the enforcement or protection of a right, the redress or prosecution of a wrong, or a punishment of a public offense, ending in a judgment, comes within the category of such a definition.
*621 To refer further to the decision of the Honorable Jambs W. Liddle, he refers to section 248 of the Civil Practice Act, which requires that all pleadings be verified.
To go into this matter at any greater length would merely be a repetition of the reasoning contained in the decision rendered by the Honorable James W. Liddle, which holds that the portion of section 74 of the Mental Hygiene Law as amended by chapter 794 of the Laws of 1955, and such other portions of said chapter as may refer thereto that a verified petition, is not required, or that the certified examiners need not, under oath, certify to the facts, is not only unconstitutional, but, if constitutional, the statutes referring to verification of proceedings in a judicial proceeding are required.
Accordingly, this court orders and directs that the examining physicians be required to certify, under oath, their findings, and that the petitioner be directed to verify his petition before a duly constituted officer, competent to administer oaths, before any further proceeding is undertaken in this matter.
An order to conform with the above is directed to be entered.