J. Seward Bodine, J.
This is an application for a writ of habeas corpus. The Legislature in 1955 amended section 74 of the Mental Hygiene Law (L. 1955, ch. 794) by eliminating the requirement that a petition for commitment of a mentally ill person and the certificate of the examining physicians should be under oath and sworn to before an authorized officer. The relator contends here that such amendment is unconstitutional citing the decisions of Schenectady County Court (Matter of Allen, 207 Misc. 1036) and Jefferson County Court (Matter of Kenny, 154 N. Y. S. 2d 55). This court respectfully disagrees with those decisions.
The function of a petition for commitment of a mentally ill person is to bring the abnormal conduct of an individual *943 to the attention of the court and the examining physicians so that he can be properly treated and, if necessary confined for his own protection or the safety of society. It is made by a relative or friend whose chief interest is almost without exception free from any purpose of personal profit. The physicians who certify are already under a professional oath to which nothing can be added by further swearing. The individual affected has full rights to a hearing and to examination and production of all witnesses.
It is a modern tendency to dispense with oaths. This has already been done with income tax returns. This is true not only because such oaths are very largely perfunctory, but also because civilization has reached a point where the learned man realizes that few things in this world are free from doubt and that it is impossible for the average human being to state the full and exact truth about anything. The fact that he may swear to something adds very little to its verity. In fact, the reverse may actually be true. It is not an uncommon spectacle in the courtroom for a witness to come under suspicion of falsehood by the very vehemence of his protestations to the contrary.
This court does not propose to abandon our present system of law because of the fact that individuals insist upon being human beings but let us be sensible about it and recognize that an oath is not really useful or necessary in all places. To this court the question seems largely one of form rather than substance and we believe that the courts should not usurp the prerogative of the Legislature in dealing with questions of form.