Alfred M. Kramer, J.
The petitioner urges that the original petition and doctor’s reports were not verified and are thus fatally defective. Section 74 of the Mental Hygiene Law, as amended by chapter 794 of the Laws of 1955, does not require verification. The petitioner cites four cases which hold that, the statute notwithstanding, such petition and doctor’s reports must be verified to meet constitutional requirements. (Matter of Allen, 207 Misc. 1036 ; Matter of Kenny, 154 N. Y. S. 2d 55 ; Matter of Paponja, 2 Misc 2d 620 ; Matter of Neisloss, 8 Misc 2d 912.) However, in not one of these cases is there cited any constitutional provision, which requires, or has been interpreted or construed as requiring that pleadings must be verified, nor are any court decisions to this effect referred to in any of these four opinions.
On the other hand, the respondent cites the case of People ex rel. Senecal v. Keill (7 Misc 2d 942), which holds that it is for the Legislature to determine matters of form, such as whether a pleading shall be verified or not, and it is not for the courts to overrule the Legislature on such a matter. This court agrees with this reasoning and holds that section 74 of the Mental Hygiene Law is constitutional, notwithstanding the section fails to require verification of the petition and doctor’s reports, and that a requirement for verification should not and need not be added to the section by the courts. (This precise question was not in issue before the court in Matter of Coates [9 N Y 2d 242].)
Petitioner also raises the point that the certificate of Dr. Henry H. Haines, dated December 1, 1956, did not comply with subdivision 7 of section 74 of the Mental Hygiene Law. That subdivision reads in partAt any time * * * the director or the physician in charge * * * may, if he finds that such patient is in need of continued care and treatment, file * * * a certificate setting forth his findings ’ ’. The document filed here is entitled “ Certificate of Director ”, etc., and in it Dr. Haines *597 stated that he finds the said Arthur Bingemann to be mentally ill and “ he considers said Arthur Bingemann to be in need of continued care and treatment.” Petitioner argues that the word “ consider ” is equivocal, and not equivalent to “ certify ”. However, the word “consider” has meanings other than “ think ” or “ deliberate ”. It also means to “ judge ” (Webster’s New Int. Dictionary [2d ed.] ; Terrill v. Auchauer, 14 Ohio St. 80, 85). In the context in which it is used in the certificate, the court construes 1 ‘ consider ’ ’ to have been intended to mean “judge” or “ determine ”, which would be equivalent to “ certify
In view of the court’s determination, it is not necessary to pass upon the question whether habeas corpus is a proper remedy. The writ is dismissed.